# Woodbury *v.* The State.

*Indictment for obtaining Personal Property under False Pretenses.*

1. *Charges of the court ex mero motu; how case should be presented to the jury by.*—The general charge of the court, given *ex mero motu*, should present the case on trial in all the phases and aspects in which the jury ought to consider it, not giving any undue prominence to, or leaving in obscurity any phase or aspect, which the testimony tends to support; and if such charge in effect discards, or ignores, and thereby induces the jury to discard any real, material element of the offense imputed to the accused, it ought not to be supported.

2. *False pretenses; when indictable.*—A false pretense, to be indictable, must be calculated to deceive and defraud, and must be of a material fact, on which the party to whom it is made, has the right to rely, and not the mere expression of an opinion, or of facts open to his present observation, and in reference to which, if he observed, he could obtain correct knowledge.

3. *Same; want of prudence in the party to whom made; no defense.*—As a general rule, if the pretense is not absurd or irrational, or if the party to whom it is made had not, at the very time it was made and acted upon, the means at hand of detecting its falsehood, if he was really imposed on, his want of prudence is not a defense.

4. *Same; false statement as to location of residence, when sufficient.* Under an indictment for obtaining personal property under false pretenses, if the residence of the accused at a particular locality was a material fact in the transaction between him and the party from whom he obtained the property; and if, with the intent to defraud such party, he misrepresented the locality of his residence, and by means of the misrepresentation obtained the property, the misrepresentation being a controlling inducement with the owner to part with the property, it is no defense, that, if the owner had taken the precaution to inquire at the particular locality, he could have found that it was not the residence of the accused, and would not have been deceived and defrauded.

5. *Same; must be a controlling inducement with the owner to part with his property.*—While the false pretense need not be the sole, exclusive or decisive cause operating to induce the owner to part with his property, it must be a controlling inducement to that end. If he would not have parted with his property in the absence of the false pretense, the offense is complete.

6. *Charge of the court; when erroneous.*—As a general rule, if affirmative charges assert correct legal propositions, their generality, obscurity, or ambiguity must be obviated by a request for more specific instructions; but if the immediate, direct tendency of such instructions is to mislead the jury, diverting their attention from material evidence, and from the consideration of controlling inquiries, or creating the impression that they are authorized to exclude evidence they ought to consider, such instructions are erroneous, and will operate a reversal of the judgment they have induced.

[Woodbury v. The State.]

7. *Same.*—Where, on the trial of a defendant indicted for obtaining a sewing machine under false pretenses, the evidence of the party from whom the defendant obtained the machine tended to show, that he was not influenced in parting with the machine by the false representations made to him by the defendant, a charge given at the request of the State, which assumes to state the elements of the offense, and omits all proper reference to such evidence, has an immediate tendency to mislead the jury, and is erroneous.

APPEAL from the City Court of Mobile.

Tried before Hon. O. J. SEMMES.

The defendant was convicted under the second count in an indictment containining three. That count charges, that with intent to defraud, he did falsely pretend to Edwin R. Qnattlebaum, that he resided in Mobile, on Chestnut street, between Cleveland and Morton streets, and by reason of such false pretense obtained from the said Edwin R. Quattlebaum, one sewing machine of the value of sixty dollars. On the trial Mr. Quattlebaum and other witnesses were examined on behalf of the State, and their testimony tended to show that the defendant, on or about July 8th, 1881, applied to Mr. Quattlebaum, who was engaged in the business of selling sewing machines, and was at that time unacquainted with the defendant, to purchase a machine, stating to him that his name was John Henry, and that he resided in Mobile on Chestnut street, between Cleveland and Morton streets, of which a memorandum was made by Mr. Quattlebaum; that an agreement was entered into between the defendant and Mr. Quattlebaum to the effect, that the defendant should take a machine worth sixty dollars on trial for a week, and if at the end of that time he liked it and concluded to purchase it, he could do so by making the first payment of five dollars thereon, the balance to be paid afterwards in monthly installments; and that the machine was delivered to a woman living on the designated street for the defendant. The evidence further tended to show that the representation of the defendant as to the location of his residence was false, and that he obtained the machine with an intent to defraud. Mr. Quattlebaum, in his testimony, stated, "that it was not the location of the house that induced him to part with the machine; that he would have let the prisoner have the machine, if he had given him any other address in Mobile. It was the belief that the prisoner had a permanent residence in Mobile, arising from the prisoner giving the order that the machine be delivered at a particular place specified by the prisoner, that induced the witness to part with the machine. That if he had known that the prisoner lived on Palmetto street, between Royal and St. Emanuel [where the testimony tended to show he did live], or if any other person than the prisoner had so told him, and the prisoner had not mentioned his residence, the wit-

ness would have let him have the machine.     But that he would not have let him have the machine unless the prisoner had given him some place of residence, and that he believed that the prisoner lived on Chestnut street, between Cleveland and Morton streets, where the prisoner ordered the machine to be sent."

The court then, at the request of the solicitor, gave separately the following charges: 2. "That it is enough, if a material part of the pretense be false, that it be made with intent to defraud, and that it induces the person sought to be wronged to part with his property on the strength of such representation or pretense." 3. "Whether a material representation was falsely made as of a fact, whether it was made with intent to defraud, whether in consequence of such representation, and relying on it, the owner was induced to part with the alleged thing of value, are all inquiries for the jury under proper instructions.     And these being affirmatively proved, conviction should follow irrespective of other representations made and proved as aforesaid, when [it was] the moving inducement to part with the thing; and in this case, if the owner was induced to part with the sewing machine because of false representations made by the defendant, by words, acts, or deeds, with the intent to defraud, and with intent to make the owner believe (no matter what words were used by the defendant), that the defendant resided at the place charged, then the jury should convict." 4. "The court charges the jury that a false pretense is a false representation, which may be in mere oral words, or it may be in writing, or by signs, or the like, relating to some existing or past fact; and if it actually misleads and produces such a cheat as to obtain from another any personal property, with the intent to injure or defraud, it is sufficient."     To each of these charges the defendant separately excepted.

The defendant having been convicted, she reserved, by bill of exceptions, the rulings of the lower court above noted for the consideration of this court, and here assigns the same as error.

GREGORY L. SMITH, for appellant.

H. C. TOMPKINS, Attorney-General, and F. B. CLARK, JR., for the State.

BRICKELL, C. J.—The indictment contains three counts,— the first charging the appellant with the larceny of a sewing machine, of the value of sixty dollars,—the second and third charging him with obtaining the machine under false pretenses.     The appellant pleaded not guilty, and the verdict was of guilty on the second count, which operates an acquittal on the other counts.

[Woodbury v. The State.]

The questions now presented arise on exceptions to instructions given the jury by the court at the request of the State, and an instruction on the effect of the evidence requested by the appellant, and refused.

The instructions given by the court, numbered in the bill of exceptions two, three and four, are assailed upon the ground, that while assuming to state the elements of the offense of obtaining money or goods under false pretenses, they utterly omit or ignore the important inquiry, whether the particular pretense alleged had a capacity, if false, to mislead and to deceive, or having that capacity, the prosecutor acted upon it, and was misled or deceived by it; and whether by the exercise of common prudence, he could not have avoided imposition from it. These instructions were probably intended to be literal extracts from opinions of this court, defining this offense, embodying its elements, so far as the facts of the particular cases, and the questions involved, required a definition of the offense, and a description of its constituent ingredients. As applied to the particular cases, the court is committed to their correctness as legal propositions. But it is very far from being a satisfaction of the duty of a primary court, in instructing the jury, to borrow these propositions, and recite these definitions, without adaptation of them to the facts of the case which is submitted for the consideration and determination of the jury. The mere recitation of definitions, or of elementary principles, is more often calculated to confuse and mislead, than to instruct a jury. The instructions given by the court affirmatively, *ex mero motu*, should present the particular case, in all the phases and aspects in which the jury ought to consider it; not giving any undue prominence to, or leaving in obscurity, any phase or aspect there is evidence tending to support; and if such instructions in effect discard or ignore, and thereby induce the jury to discard or ignore any real, material element of the offense imputed to the accused, they ought not to be supported.—*Corbett v. State*, 31 Ala. 329; *Gooden v. State*, 55 Ala. 178; *Holmes v. The State*, 23 Ala. 17.

A false pretense, to be indictable, must be calculated to deceive and defraud. As of an actionable misrepresentation, it must be of a material fact, on which the party to whom it is made, has the right to rely; not the mere expresssion of an opinion, and not of facts open to his present observation, and in reference to which, if he observed, he could obtain correct knowledge. Whether the prosecutor could have avoided imposition from the false pretense, if he had exercised ordinary prudence and discretion to detect its falsity, is not a material inquiry. As a general rule, if the pretense is not of itself absurd or irrational, or if he had not at the very time it was made and

[Woodbury v. The State.]

acted on, the means at hand of detecting its falsehood, if he was really imposed on, his want of prudence is not a defense. 2. Whart. Cr. Law, § 2128. If the residence of the accused at a particular locality was a material fact in the transaction between him and the prosecutor; if with the intent to defraud the prosecutor, the prisoner misrepresented the locality of his residence, and by means of the misrepresentation obtained the sewing machine, the misrepresentation being a controlling inducement with the prosecutor to part with his property, it is not a defense, that if the prosecutor had taken the precaution to inquire at the particular locality, he could have found it was not the residence of the prisoner, and would not have been deceived and defrauded. The prosecutor had a right to rely on the representation, and there was no obligation or duty to the prisoner to inquire into its truth, or whether he was dealing fairly and honestly.

The false pretense must not only be, however, of a material fact, but it must have been, not the sole, exclusive or decisive cause, but a controlling inducement with the prosecutor for the transfer of his money or property. Other considerations may mingle with the false pretense, having an influence upon the mind and conduct of the prosecutor; yet, if in the absence of the false pretense, he would not have parted with his property, the offense is complete.—*People v. Haynes*, 11 Wend, 557. But if without the false pretense he would have parted with his property—if that is not an operative, moving cause of the transfer—if he did not rely and act upon it, there may be falsehood, but there is not crime.—2 Whart. Ev. §§ 2120–22. In view of the evidence of the prosecutor, tending strongly to the conclusion, if it is not a positive affirmation, that the misrepresentation of the locality of his residence, imputed to the accused, had no influence with him in causing or inducing him to part with the sewing machine, the instructions given the jury seem to us erroneous. If to this phase of the case, they can be regarded as directing the attention and consideration of the jury, it is only by the construction which counsel, accustomed to a close examination of legal propositions, would place upon them. As a general rule, if affirmative charges assert correct legal propositions, their generality, obscurity, or ambiguity must be obviated by a request for more specific instructions. But if the immediate, direct tendency of such instructions is to mislead the jury, diverting their attention from material evidence, and from the consideration of controlling inquiries, or creating the impression that they are authorized to exclude evidence they ought to consider, such instructions are erroneous, and must operate a reversal of a judgment they have induced.

These instructions, omitting all proper reference to the evi-

[Collier v. The State.]

dence of the prosecutor, tending to show that he was not influenced in parting with the machine by the representation of the accused, that his residence was at a particular locality, in effect excluding that evidence from the consideration of the jury, had an immediate tendency to mislead them. It was the duty of the court to instruct the jury, that if the misrepresentation was not an inducing, controlling motive with the prosecutor to part with the machine, there should not be a conviction of the accused upon either of the counts for false pretenses.—*Commonwealth v. Davison*, 1 Cush. 33. It is not necessary to pass upon the other exceptions, as this view will probably be decisive of the case on another trial.

Reversed and remanded.