(111 So. 194)

### PRIMUS v. STATE.   (3 Div. 547.)

(Court of Appeals of Alabama.   Jan. 18, 1927.)

1. **False pretenses** ⬦41—**In prosecution for "getting goods under false pretenses," admission of immaterial evidence as to land which defendant claimed to have rented held error.**

In prosecution for getting goods under false pretenses, admission of evidence as to time father of witness was in charge of certain land which defendant claimed to have rented *held* error, being immaterial and possibly prejudicial to defendant.

2. **False pretenses** ⬦49(5)—**Evidence held insufficient to show false representation inducing injured party to part with goods.**

In prosecution for "getting goods under false pretenses," evidence *held* insufficient to show that false representation alleged to have been made operated as inducement for injured party to part with his goods.

3. `False pretenses ☞9—To support conviction for obtaining goods under false pretenses, false representation inducing injured party to part with goods must be proved.

Conviction on charge of obtaining goods under false pretenses must be supported by evidence showing that false representation alleged to have been made operated as inducement for injured party to part with his goods.

Appeal from Circuit Court, Conecuh County; John D. Leigh, Judge.

William J. Primus was convicted of "getting goods under false pretenses" and he appeals. Reversed and remanded.

The indictment charges that defendant "did falsely pretend to W. B. Ivey, of the firm of Taliaferro, McCreary & Ivey, a partnership composed of C. R. Taliaferro, E. J. McCreary, and W. B. Ivey, with intent to injure or defraud, that he had rented ten acres of land from H. L. Kendig for the year 1923, and by means of such false pretense did obtain from said Taliaferro, McCreary & Ivey ten sacks of Sea Fowl guano of the value of, to wit, $40, against the peace and dignity of the state of Alabama."

Defendant testified that he rented the Tillinghast plantation, and that he rented it from W. F. Kendig in 1923.

Thereafter witness H. L. Kendig testified that W. F. Kendig was his father and was at one time in charge of renting the Tillinghast land. Thereupon he was asked, over objection of defendant, "When was the last year your father was in charge of the Tillinghast land for rent?" and answered, "1922." Defendant's motion to exclude the answer was overruled.

Emmet S. Thigpen, of Andalusia, for appellant.

The evidence is not sufficient to sustain a conviction. Hurst v. State, ante, p. 361, 108 So. 398.

Harwell G. Davis, Atty. Gen., for the State. Brief of counsel did not reach the Reporter.

RICE, J. Appellant was convicted of the offense of "getting goods under false pretenses."

[1] Some of the written charges refused to defendant, we think, stated correct propositions of law, were not covered by other charges, and should have been given. Likewise we are of the opinion that the court was in error in allowing the witness H. L. Kendig to testify as to "the last year his father was in charge of the Tillinghast land," etc. It seems to us immaterial, and might have been injurious to defendant.

[2, 3] But we pretermit any further comment upon specific errors that may have been committed during the trial in order to say that we are of the opinion that the judgment should be reversed for the failure of the trial court to grant appellant's motion for a new trial. It is elemental that for a conviction on a charge of this kind to stand the evidence must show that the false representation alleged to have made operated as an inducement for the injured party to part with his goods. Here there is an absence of such evidence. True, the witness Gaillard testified that defendant "got ten sacks of fertilizer on the strength of that representation." But this was purely an unauthorized conclusion or opinion of the witness, and should not have been allowed to go in evidence if proper objection had been made. The transaction involved was one between defendant and one Ivey, and manifestly witness Gaillard had no right to say what it was that caused Ivey to let defendant have the goods. Especially is this so when it appears that appellant, at the time of the procuring of the goods, executed to Ivey a mortgage upon a quantity of personal property.

The conviction appears to be founded in error, and the judgment is reversed and the cause remanded.

Reversed and remanded.