(116 So. 709)

**YOUNG et al. v. STATE.** (4 Div. 430, 431.)

Court of Appeals of Alabama. April 24, 1928.

Simmons & Simmons, of Opp, for appellants.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J. Under the statute, section 3307, Code 1923, "upon the trial of an indictment for any offense, the jury may find the accused not guilty of the offense charged in the indictment, but, if the evidence warrants it, guilty of an attempt to commit such offense, without any special count in the indictment for such attempt."

This is a proceeding of habeas corpus. The prosecution against these two appellants originated in the justice court of W. A. Woodham, justice of the peace, of Covington county, upon an affidavit of one E. R. Talley, and it is evident therefrom that said affidavit sought to charge an attempt to commit the offense of obtaining money under false pretense. We regard the affidavits as they appear in this record as being void for uncertainty. Pretermitting this, however, if these affidavits were sufficient in form and substance to charge an offense, the crux of the prosecution would, of necessity, be that these defendants, with intent to defraud, did make the statement to the alleged injured party that they (or he) was an eye specialist from Chicago, Ill., and the burden of proof that such statement was made by the defendants to Mr. and Mrs. W. M. Coon was upon the state.

If the evidence, or its tendency, failed to show that such statement had been so made, this would be conclusive of the case and the appellants entitled to their discharge

from further custody. No such evidence appears in any part of this record. Therefore the appellants are illegally restrained of their liberty. This necessitates a reversal of the judgment rendered by the judge of the circuit court of Covington county, Ala., and an order is hereby rendered discharging the appellants, defendants below, from further custody in these proceedings.

It is not sufficient that the alleged false statement had been made by these defendants to some person other than the alleged injured party, for a person cannot be convicted of an attempt to obtain money, or other thing of value, by false pretense, unless it is shown, beyond a reasonable doubt, that he made the false pretense to the person from whom the money was intended to be obtained, or to his agent; a false pretense made to a third person, although intended to be ultimately reported to the person from whom the money was to be obtained, will not suffice. 25 C. J. 615.

The judgment of the circuit court of Covington county, Ala., from which this appeal was taken, is reversed and held for naught. An order is hereby entered discharging both of these appellants from further custody in these proceedings.

Reversed and rendered.