189 So. 794

**BOSWORTH v. STATE.**

8 Div. 845.

Court of Appeals of Alabama.

June 6, 1939.

F. E. Throckmorton, of Tuscumbia, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appeal is upon the record only, there being no bill of exceptions. The indictment charged the appellant with having falsely pretended to one W. K. Griggs, an agent or employee of the Lawrence Chevrolet Company, that he had an account in the First National Bank of Tuscumbia, Alabama, in the sum of $200 and that by means of such false pretense obtained from Griggs, as agent of the Lawrence Chevrolet Company, a Terraplane automobile and license tag therefor.

Before entering upon the trial, the defendant interposed certain demurrers

touching the sufficiency of the indictment. We have carefully examined each of these demurrers and are of the opinion that the indictment sufficiently stated the facts constituting the offense complained of in ordinary concise language in such manner as to enable the defendant to know the nature of the offense and to enable the court to pronounce proper judgment. In Wetzel v. State, 25 Ala.App. 38, 140 So. 620, this court said: "The record discloses that this appellant was charged with the offense of murder in the second degree, and the indictment contained four counts. Before entering upon the trial, the defendant interposed certain demurrers touching the sufficiency of the indictment. There were numerous grounds of demurrer, but upon examination we find none of them in point. They were therefore properly overruled. We are of the opinion that the indictment sufficiently stated the facts constituting the offense complained of, in 'ordinary concise language, without prolixity or repetition, in such manner as to enable a person of common understanding to know what was intended, and with that degree of certainty which enabled the court, on conviction, to pronounce the proper judgment. When an indictment is thus framed or formulated, it is sufficient and not subject to demurrer."

And in our case of Presnal v. State, 23 Ala.App. 578, 129 So. 480, 481, we stated:

"Demurrers to the indictment were properly overruled, it being clearly evident that the facts stated therein were sufficient to enable a person of common understanding to know what offense was intended to be charged, and also sufficient to enable the court on conviction to pronounce proper judgment. When an indictment is thus formulated it is usually sufficient. Code 1923, § 4529.

"Another statutory rule provided by section 4528, Code 1923, is, an indictment must not be held insufficient, nor can the trial, judgment, or other proceedings thereon be effected by reason of any defect or imperfection in any matter of form which does not prejudice the substantial rights of the defendant on trial."

As stated hereinabove, this appeal is upon the record, without a bill of exceptions, we are therefore not advised as to the evidence adduced upon the trial, nor as to the rulings of the court, if any were invoked.

■ The only question presented has been discussed, and as no error prevailed in the action of the court in overruling the demurrer to the indictment, and no error otherwise apparent on the record, the judgment of conviction from which this appeal was taken must, perforce, be affirmed.

Affirmed.