20 So.2d 57

COUCH v. STATE.

4 Div. 867.

Court of Appeals of Alabama.

Dec. 12, 1944.

J. N. Mullins, Jr., of Dothan, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

CARR, Judge.

R. E. Wright held a check in the amount of $105.55, made payable to him and drawn by C. M. Segrest. Mr. Wright endorsed the check and delivered it to Mr. Wilbur Stewart, a clerk for Spann-Marchman Hardware Company in Dothan, Alabama, in payment of an account with said company. Mr. Stewart lost the check while engaged about his duties in the store and before he had an opportunity to deposit same in the cash register. When he discovered the misplacement, he immediately notified Mr. Wright, who in turn contacted Mr. Segrest, and a stop payment order was given to the bank on which the check was drawn.

According to the testimony, when the check was next located, appellant presented it to Mr. Ralph Hynson, a clerk in the H. H. Ader Clothing Company, a business establishment located also in the city of Dothan. Appellant stated to both Mr. Hynson and Mr. Ader at the time of presentation that his name was R. E. Wright and the endorsement on the back of the check was that of his own signature. This statement and identification were not in fact true, as disclosed by the evidence. The check was then and there honored and with the proceeds of same appellant bought a suit of clothes, a hat, and received $65.77 in change. When the Ader Clothing Company deposited the check, payment was refused because of the notification previously given the bank by Mr. Segrest.

588

Appellant was indicted and convicted for obtaining property by false pretenses. Title 14, Sec. 209, Code of 1940.

 The indictment substantially follows the Code form for an offense under the above Code section and is, therefore, sufficient. Title 15, Sec. 259, Form No. 60, Code of 1940; Jones v. State, 28 Ala. App. 254, 182 So. 402; Foxx v. State, 26 Ala.App. 146, 154 So. 912.

On the trial of the cause, appellant did not testify or introduce any evidence in his behalf. The general affirmative charge with hypothesis was refused him.

 "The facts which constitute the crime of false pretenses are, first, the pretenses; second, their falsity; third, the fact of obtaining the property by reason of the pretenses; fourth, the knowledge on the part of the accused of their falsity; fifth, the intent to defraud." 16 Words and Phrases, Perm. Ed., p. 145; Young v. State, 155 Ala. 145, 46 So. 580; Woodbury v. State, 69 Ala. 242, 44 Am.Rep. 515.

 The analysis of the tendencies of the evidence we have hereinabove set out clearly warrants a conclusion that a jury question was presented as to proof of each of the elements of the offense charged in the indictment, and the refusal of the general affirmative charge was therefore without error. Young et al. v. State, 22 Ala. App. 443, 116 So. 709; Sims v. State, 99 Ala. 161, 13 So. 498; Pearce v. State, 26 Ala.App. 492, 164 So. 114.

 During the progress of the trial in the lower court, several objections were interposed by appellant's counsel to the introduction of evidence. We have carefully noted these objections where consideration is merited, and we do not find on any occasion that an exception was reserved. The rule requires the reservation of exceptions to the adverse rulings of the lower court in the introduction of evidence before the question is properly presented to this court for review. York v. State, 21 Ala.App. 155, 106 So. 797; Sharp v. State, 21 Ala. App. 262, 107 So. 228; Woodson v. State, 170 Ala. 87, 54 So. 191.

The motion for new trial includes the ground that the verdict of the jury was contrary to the evidence. With this exception, there are no other questions raised that have not already had our attention in this opinion. They will not be treated further. Greek American Produce Co. v.

Louisville & N. R. Co., 1 Ala.App. 272, 55 So. 455.

 It is a legal truism which does not require elaboration or discussion that the primary court will not be held in error for refusing to grant a motion for a new trial on the ground that the verdict is contrary to the evidence, unless it clearly appears that the verdict is palpably unjust or wrong. It is also well established that appellate courts will indulge every presumption in favor of the correctness of the ruling of the lower court in refusing to disturb the verdict of the jury. Davis et al. v. State, 29 Ala.App. 421, 198 So. 153, certiorari denied 240 Ala. 160, 198 So. 155; Smith v. State, 23 Ala.App. 488, 128 So. 358, certiorari denied 221 Ala. 217, 128 So. 359; Smith v. State, 21 Ala.App. 460, 109 So. 294.

Giving a fair and careful consideration to all the evidence in the case it appears to us that there can be no room for plausible claim that the lower court was in error in denying appellant's motion for a new trial.

We have no difficulty in reaching the conclusion that the cause is due to be affirmed. It is so ordered.

Affirmed