78 So.2d 817

Solon Lee COUCH

v.

STATE.

6 Div. 898.

Court of Appeals of Alabama.

March 8, 1955.

Walter G. Woods, Tuscaloosa, for appellant.

Bernard F. Sykes, Robt. Straub, Asst. Attys. Gen., and Owen Bridges, Montgomery, of counsel, for the State, for appellee.

HARWOOD, Judge.

This appellant was charged by indictment with obtaining property by false pretense. To the indictment he entered a plea of guilty and judgment and sentence was duly entered.

Thereafter he duly perfected an appeal to this court, the appeal of course being on the record proper;

The indictment to which appellant entered his plea of guilty reads as follows:

"The Grand Jury of said County charge that before the finding of this Indictment Solon Lee Couch, whose name is otherwise unknown to the Grand Jury, did falsely pretend to W. Otis Foster, an agent, servant, or employee of Hayse Tucker doing business as Tucker Motor Company, who was then and there acting in the line and scope of duty as such agent, servant, or employee, with intent to injure or defraud, that he was the owner free of any and all liens, and encumbrances, of one 1953 model Dodge ½ ton pick-up truck, motor number T 306163301, worth about to-wit: $1,100.00, when in truth and in fact the said 1953 model Dodge pickup truck, motor number T 306163301, did have a lien or encumbrance thereon by virtue of a prior mortgage in favor of Commercial Credit Corporation, a corporation, and by means of such false pretenses obtained from the said Hayse Tucker doing business as Tucker Motor Company, one 1953 model 6 cylinder mainline fordor Ford automobile, motor number A3Ag 167339, of the value of, to-wit: $2,500.00, against the peace and dignity of the State of Alabama."

In his brief counsel for appellant argues that the indictment is void because of indefiniteness and uncertainty. Counsel stoutly maintains in brief that the indictment "is so unintelligible that no one can tell what it means."

An indictment must state the facts constituting the offense in ordinary and concise language, in such manner as to enable a person of common understanding to know what is intended. Words used in a statute to define an offense need not be strictly followed in the indictment; it is sufficient to use other words conveying the same meaning provided the offense is set forth with sufficient clarity to enable the court on conviction to pronounce sentence. Kirk v. State, 35 Ala.App. 405, 47 So.2d 283; Wetzel v. State, 25 Ala.App. 38, 140 So. 620.

It is well settled that the false pretense, an essential element of the offense charged in this case, may be made to an agent of the person from whom the property is obtained. Bazzell v. State, 16 Ala. App. 663, 81 So. 183; Young v. State, 22 Ala.App. 443, 116 So. 709; Bosworth v. State, 28 Ala.App. 538, 189 So. 794.

With this principle in mind it is our conclusion that the indictment in this case, unless viewed through the partisan tinted glasses usually and properly worn by a defense counsel, is amply clear in informing a person of ordinary understanding that the appellant was charged with obtaining from Hayse Tucker, etc. a Ford automobile by means of false pretenses as to the condition of the title to the Dodge truck, such false pretense being made to an agent of Tucker.

Affirmed.