267 So.2d 490

**William Brooks BEATY**

v.

**STATE.**

**8 Div. 150.**

Court of Criminal Appeals of Alabama.

Oct. 3, 1972.

Miles T. Powell, Decatur, for appellant.

William J. Baxley, Atty. Gen., and John A. Yung, IV, Asst. Atty. Gen., for the State.

DeCARLO, Judge.

The appellant, William Brooks Beaty, was jointly indicted with Fred David Israel, for obtaining signature by false pretenses under Code of Alabama, 1940, Recompiled 1958, § 213, Title 14. Appellant demurred to the indictment and upon the Court overruling said demurrer, appellant moved for a severance. The motion was granted, and appellant was tried, convicted, and sentenced to two years imprisonment.

Appellant introduced no evidence at the trial, and the case was submitted to the jury upon the evidence offered by the State, which consisted of the testimony of three witnesses, one of whom was Cleon Yates, the Morgan County "Commissioner of License." He testified that on the tenth day of January, 1968, while in his office at the courthouse in Decatur, Alabama, he looked from his window and saw two men in a car, later described by him as a 1965 model yellow Cadillac. On cross-examination, he stated that he saw the car drive past the building, return, and then park in front of the courthouse. He further stated when the car stopped, one man was walking up and down the side of the car, and appellant was sitting in the car looking through a telephone directory. At this time, he remarked to his chief clerk, Martha Thomas, "They are looking through a telephone directory to find an address to buy a tag, probably for a stolen automobile, and they will be in, in less than five minutes." Mr. Yates further testified that the two men entered his office, and his chief clerk, Martha Thomas, waited on the appellant. Prior to this, the witness had asked Mrs. Thomas to observe the appellant looking through a telephone book, and he also instructed another clerk to go outside and

get the tag number off the car, which she did. The vehicle bore a 1968 Alabama tag from Jackson County. Upon questioning the appellant, Mr. Yates stated that appellant said the car he was registering was not there at the time. The Commissioner stated he heard appellant say that the car came in from Tennessee; that his name was T. H. Mitchell, and his address, 1050 Johnston Street, Southeast, Decatur, Alabama. In addition, the witness stated appellant presented a Bill of Sale on a Cadillac to the clerk, and she gave him a tag with the receipt, for which appellant paid the required fee. As shown by this witness's testimony, the tag receipt in question, described as State's Exhibit One, was made out to T. H. Mitchell of 1050 Johnston Street, S. E., Decatur, Alabama, and contained the signature of Cleon Yates, Commissioner of Motor Vehicles. Also, that the receipt showed the previous year's tag number, and the State of Tennessee, as well as the signature of "T. H. Mitchell." Mr. Yates stated that he knew of his own personal knowledge that no house was located at 1050 Johnston Street, S. E., Decatur, Alabama. Following the departure of appellant and the other man from his office, Mr. Yates stated that he immediately left his office, ran upstairs, gave the tag receipt to a Morgan County investigator, Mr. Harris, and related the matters previously testified to.

On cross-examination, defense counsel established that this witness did not believe the information given him by appellant at the time application for the license was made, nevertheless, the clerk was instructed to issue the tag receipt.

On redirect examination, the state introduced as its Exhibit No. Two, the aforesaid Bill of Sale, made out to T. H. Mitchell, for a 1967 Cadillac two-door Coupe d'Ville. The address shown for the seller was Chattanooga, Tennessee.

State's witness, Imogene Barnes, an employee of the Tax Assessor's Office of Limestone County, Alabama, identified appellant as the man who came into her office about 10:00 o'clock on January 10, 1968, to purchase a tag. He gave his name as Kenneth H. Harper, then residing at Athens, Alabama, Route 3. According to this witness, the Bill of Sale which appellant gave her described a 1967 Cadillac.

At the conclusion of the above testimony, appellant made a motion to exclude the evidence, contending the State failed to carry the burden of proof in that there must be a false statement, a misleading statement, in order to have false pretense, and this must be relied upon by the defrauded person, otherwise, there is no false pretense. The Court did not rule on appellant's motion at this time nor did the appellant pursue a ruling from the Court, yet the State was allowed to reopen the case.

The state then presented the testimony of Clarence Harris, Investigator for Morgan County Sheriff's Department, who testified that on January 10, 1968, he saw appellant in a 1965 Cadillac on Moulton Street in Decatur, Alabama. The officer stated that when he walked up to the automobile and stood by the side of it, he could see a typewriter on the back seat, and a book of Bill of Sales in the front. On cross-examination, the officer testified that he was told the automobile belonged to one David Israel or his wife. In response to the question as to where appellant was in reference to the automobile, the officer stated he was standing beside it.

It is apparent from the record of this case that the Court failed to ask defendant if he had anything to say why sentence should not be pronounced against him. In a felony case, the judgment entry must show such inquiry was made. McCray v. State, 46 Ala.App. 588, 246 So.2d 475.

The appellant complains that the Court erred in the refusal of appellant's motion to exclude the evidence, and again committed reversible error in failing to give the affirmative charge for the appellant.

The appellant's complaint was well founded. The trial court erred in refusing the following charges:

"I. I charge you that if you believe the evidence you must aquit the Defendant.

"III. I charge you that if the State has failed to convince you beyond a reasonable doubt that Cleon Yates issued the tag receipt because he relied on misrepresentations made by this defendant, you must find him not guilty.

"IV. I charge you, you must acquit the defendant."

■ These charges were proper under this set of facts and should have been given.

The offense of false pretense consists of:

(1) the pretense

(2) its falsity

(3) obtaining property by reason of the pretense

(4) knowledge on the part of the accused of the falsity of the pretense

(5) intent to defraud.

Taylor v. State, 46 Ala.App. 105, 238 So. 2d 902.

It is appellant's position that the State failed to prove the material element of reliance upon the misrepresentation by the prosecutor, without which there is no false pretense.

There appears to be substantial evidence to support this contention, and the following is an excerpt from the testimony of Cleon Yates, on direct examination:

"Q. On State's Exhibit No. 1, it has the address of 1050—What?

"A. Johnston Street.

"Q. Of your own personal knowledge, did you know if in this city there is a 1050 Johnston Street?

"A. No, sir, there is no house at 1050 Johnston Street.

"Q. There is no house there?

"A. No sir."

and on cross-examination of this witness, the following testimony was given:

"Q. Did you ask him anything about where he lived or his address or anything like that?

"A. No, sir, I didn't question the address at that time.

"Q. Did you tell Mrs. Thomas to go on and issue it, or did she just issue it, or what arrangement did you make on that?

"A. I told her to go ahead and issue a tag.

"Q. Now, at that time, you were even more suspicious when he told you that his car was not down here yet, than you were when he came in the door?

"A. Yes, sir.

"Q. And really, you didn't believe him anyway, did you?

"A. No, sir, I didn't.

"Q. And Mrs. Thomas didn't either?

"A. Well, I couldn't say for Mrs. Thomas.

"Q. In your judgment, she didn't—both of you—you were under the impression he was coming in there, giving you false information?

"A. Yes.

\* \* \* \* \* \*

"Q. And while he was standing there in front of the window and giving the information to obtain this receipt

 **703**

and the tag, did you study him carefully or did you just casually look at him?

"A. Well, I studied him as I would someone standing and talking to someone.

"Q. Really, more so because you thought you were selling a tag here to a man giving false information?

"A. Yes, sir.

"Q. You figured if you were, you would be called on some day to say, that is the one.

"A. That's right.

"Q. Well, the information he presented there to you, he wasn't misleading you when he told you he lived at 1050 Johnston Street, you didn't believe that for a minute?

"A. I didn't believe the address existed.

"Q. You didn't believe he was T. M. Mitchell and lived at Johnston Street?

"A. No, sir."

 A conviction on this charge cannot stand without showing that there was a reliance on the false representation, and it in fact induced the injured party to part with his goods, (Signature, here under Code 213, Title 14) Woodbury v. State, 69 Ala. 242; Primus v. State, 21 Ala.App. 630, 111 So. 194; Ex parte Thaggard, 276 Ala. 117, 159 So.2d 820.

Commissioner Yates' testimony clearly showed he did not believe or rely upon, the misrepresentations, and that he knew of his own personal knowledge that the address given by the appellant did not exist.

Mr. Yates was induced to part with the tag receipt by some reason, but that reason was not the misrepresentations made by the appellant.

The lower Court should have granted appellant's affirmative charge.

The Judgment of the lower Court is reversed, and the cause is remanded.

Reversed and remanded.

CATES, P. J., and ALMON, TYSON and HARRIS, JJ., concur.