314 So.2d 318

**Paul Wesley LAMBERT**

v.

**STATE.**

**4 Div. 305.**

Court of Criminal Appeals of Alabama.

April 22, 1975.

Rehearing Denied May 6, 1975.

William J. Baxley, Atty. Gen. and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

BOOKOUT, Judge.

False pretense: sentence, three years.

Appellant was indicted on March 22, 1974, by the Grand Jury of Houston County, charging that he:

> ". . . did falsely pretend to Mary Jones, with intent to defraud that the sale price of one fishing reel was $2.99, and by means of such false pretense obtained from the said Mary Jones, one fishing reel of the value of $44.88, . . ."

Arraignment was held on April 8, 1974, and appellant entered a plea of not guilty. Jury trial was April 16, 1974, and he was found guilty. Appellant is represented here by court appointed counsel.

The State's evidence presented at trial showed that the appellant purchased from West Brothers Corporation a $44.88 fishing reel for $2.99 and a $54.88 fishing reel for $12.88 by switching price labels on some of the store merchandise.

The State's first witness, Faye Moss testified that she was working at West Brothers store in Dothan on the afternoon of Saturday, March 9, 1974. She stated that she saw the appellant enter the store, pick up a buggy and begin to shop. She was later relieved of her checkout duties and began to follow and observe the appellant. She observed Lambert pick up two reels in two boxes off a counter and put them into his shopping buggy. She stated further that the appellant next walked over to

Myron H. Thompson, Dothan, for appellant.

some Coleman lanterns, sticker priced at $12.88, took the sticker price off one of the lanterns and then, "reached down into the buggy and messed around with one of the boxes," of reels. He then walked over to some 202 Zebco reels, sticker priced at $2.-99, and again reached down into his buggy and, "fooled around one of the boxes." She also stated that the appellant had visited West Brothers on the prior Monday, without purchasing anything and that she and other employees had been specially alerted to look out for him should he enter the store again.

The next witness, Janet Bowen said she was working at West Brothers on March 9, 1974, and also observed the appellant enter the store, move around to other departments, later go to the sporting goods department and pull the stickers off the lantern and the Zebco 202 reel and place them on the reels in his shopping cart. Her testimony closely paralleled that of Faye Moss. She also stated that she had been alerted by the store supervisor, "to watch for" appellant Lambert. She identified the two reels and the two stickers marked State's Exhibits 1 and 2.

Faye Parramore next testified for the State. She was an employee at West Brothers store on March 9, 1974. Her testimony was mainly that Janet Bowen told her the appellant was in the store and she called her husband, an Alabama State Trooper, and asked him to come to the store. She only observed the appellant pushing his cart around the store and did not see any of the acts described by prior witnesses. Appellant's counsel moved to exclude Faye Parramore's testimony as not being material, but the motion was denied.

The next State witness, Mary Jones, a cashier at West Brothers, testified that on the afternoon of March 9, 1974, the appellant came through her checkout line to pay for some merchandise. He paid for two fishing reels, sticker priced at $12.88 and $2.99. She rang up those two prices on the cash register and put the reels in a paper bag with the sales receipt. She stated

that she did not know the true value of the reels.

The State called Mildred Smith, supervisor over personnel, who stated that Faye Parramore told her Lambert was in the store. She followed him and observed appellant put two reels in his buggy. She testified that she squatted down next to Lambert's buggy and while pretending to be looking at something else, observed that the prices on the two reels were $54.88 and $44.88.

State Trooper Paul Parramore testified that his wife had called him and that he went to the store, out of uniform. He went into the sporting goods department where he saw the appellant pushing a shopping cart containing two reels. He then went over to a display of the reels and noticed them to be sticker priced at $54.88 and $44.88. He watched the appellant pay $12.88 and $2.99 for the reels and detained appellant Lambert until the police arrived.

Police Officer Wendell Wooten testified that he and Officer Eudon Smith arrived and were told by Mildred Smith that appellant Lambert had changed the price tags on some merchandise. They searched and arrested the appellant and then took him to jail.

The final State witness was called in rebuttal as to the ownership of the reels. David Blackman testified that he was manager of West Brothers store, that the two reels in question belonged to West Brothers Corporation. He also stated that he saw the appellant in West Brothers store around 7:00 P.M. on the Monday prior to the Saturday when appellant was arrested. He stated that one of the employees called him and said there was a man in the sporting goods department acting suspiciously. Mr. Blackman said he went up the the appellant, asked him if he could help him and noticed two Garcia reels in appellant's shopping cart at that time.

The witness was then called to another department of the store and when he re-

turned, the appellant, the shopping cart and the reels were gone. He then alerted his store personnel to be on the lookout for the appellant and gave them his description.

The appellant testified on his own behalf, and his defense was that the reels he purchased were sticker priced at $12.88 and $2.99. He testified that he was buying the reels for his little boy and that he was not aware that the prices on the reels were incorrect. He denied having been in the store on the Monday prior to the Saturday of March 9, 1974. The remainder of his testimony concerned the type of rod on which he intended to use the reel.

### I

■ Appellant contends the State failed to prove one of the essential elements of the crime of false pretense, i. e. reliance upon the misrepresentation by the injured party. Appellant relies upon Beaty v. State, 48 Ala.App. 699, 267 So.2d 490 (1972) and Taylor v. State, 46 Ala.App. 105, 238 So.2d 902 (1970). The offense of false pretense is properly set out in those and other cases as consisting of (1) the pretense, (2) its falsity, (3) obtaining property by reason of the pretense, (4) knowledge on the part of the accused of the falsity of the pretense, and (5) intent to defraud.

*Beaty,* holds that a conviction cannot be sustained without proof that there was a reliance on the false representation, and it in fact induced the injured party to part with the goods. The facts in the *Beaty* case showed there was no reliance on the false representation. The *Taylor* case holds that the representation must be false, but the evidence adduced at trial did not prove the representation to be false in that case. Thus, while appellant sets forth correct propositions of law, both cases cited above were reversed by this Court based upon a lack of evidence to prove one of the essential elements of the offense. The facts in the instant case greatly differ from those in *Beaty* and *Taylor,* supra.

The evidence in this case clearly establishes that the person who parted with the goods, Mary Jones, did so in complete reliance upon appellant's false representation to her of the price of the articles. The evidence shows that Mary Jones was employed as a cashier for West Brothers store on the date in question. She testified that she did not know the true sales prices of the fishing reels and, therefore, sold them to appellant as marked; $12.88 and $2.99. The evidence also established that she did not know of the appellant's presence in the store prior to his purchase of the reels at her cashier's checkout counter.

■ Although the evidence shows almost everyone else in the store knew of the appellant's scheme, it was Mary Jones to whom appellant took the falsely priced merchandise, and it was Mary Jones who relied upon the false representation of prices to part with the merchandise. We think the evidence in the case establishes each essential element of the offense of false pretense from a factual standpoint, however, appellant has raised certain legal questions which must now be resolved.

### II

■ The evidence establishes that Mary Jones was an agent of West Brothers Corporation, exercising control over the merchandise and responsible for its sale. Appellant contends, however, that since the fishing reels were owned and possessed by West Brothers Corporation, the charge of false pretense cannot be proved by showing that an agent of the Corporation relied upon the misrepresentation. If appellant's contention is correct, it would be virtually impossible to commit the offense of false pretense against a corporation unless the misrepresentation was made to the president or board of directors. Such is not the law. In Couch v. State, 38 Ala.App. 134, 78 So.2d 817 (1955), Judge Harwood of the Court of Appeals said:

"It is well settled that the false pretense, an essential element of the offense

charged in this case, may be made to an agent of the person from whom the property is obtained. Bazzell v. State, 16 Ala.App. 663, 81 So. 183; Young v. State, 22 Ala.App. 443, 116 So. 709; Bosworth v. State, 28 Ala.App. 538, 189 So. 794."

See also: Bailey v. State, 159 Ala. 4, 48 So. 791 (1909).

### III

■ We do not find a variance between the indictment and the proof. The indictment charges that the false pretense was made to Mary Jones and appellant contends the proof shows the reels to have been obtained from West Brothers Corporation, thus a variance.

True, the Corporation was shown to own or have title to the fishing reels, but the evidence shows they were obtained from Mary Jones, an agent of that Corporation. Appellant brought the reels to her checkout counter and paid the falsely listed prices, and Mary Jones took the money on behalf of the Corporation and, likewise, on behalf of the Corporation put the merchandise in a bag with the sales ticket and relinquished control of the merchandise over to the appellant.

While it may have been a better practice for the indictment to allege that Mary Jones was an agent of West Brothers Corporation, we do not find the indictment to be defective for failure to set out the agency. In Bazzell v. State, 16 Ala.App. 663, 81 So. 183, the Court of Appeals held that the affirmative charge should be given where the indictment alleges the false pretense was made to one person and the goods were obtained from another, *in the absence of proof under such indictment that the person from whom the goods were obtained had any right, title or interest in the property, "or in any way became responsible therefor."* (Emphasis added.)

We believe under the evidence presented in this case, the trial court properly refused to give the affirmative charges requested by the appellant, for the reasons discussed above.

There was no motion for a new trial, no exception to the court's oral charge, and no motion to exclude the State's evidence at the end of the State's case in chief. We find no error prejudicial to the appellant in the record.

Affirmed.

All the Judges concur.