HARRIS, Judge.
Appellant was convicted of the crime of false pretense and the Court sentenced him to five years imprisonment in the penitentiary. At arraignment and trial appellant was represented by court-appointed counsel. Appellant is in this Court with a free transcript and trial counsel was appointed to represent him on this appeal.
Omitting the formal parts the indictment reads as follows:
“The Grand Jury of said County charge that, before the finding of this indictment, EDWARD W. ROHME, whose name is to the Grand Jury otherwise unknown, did falsely pretend to Charles Morgan the agent, servant or employee of Far South Movement, Inc., a corporation with intent to defraud, that he had on deposit at First Alabama Bank of Montgomery, N. A., Montgomery Alabama $954.74 and, by means of such false *621 pretense, obtained from the said Charles Morgan money or merchandise, or money and merchandise, of the value of $954.74, against the peace and dignity of the State of Alabama.”
Appellant filed a demurrer to the indictment which was overruled by the trial court. The indictment substantially follows the language of the form prescribed by the Legislature for false pretense and the demurrer was properly overruled. Carpenter v. State, 24 Ala.App. 468, 136 So. 491; Couch v. State, 31 Ala.App. 586, 20 So.2d 57.
The evidence presented by the State is undisputed. Appellant did not testify nor did he offer any testimony in his behalf.
Charles R. Morgan testified that he was a salesman for Far South Movement, Inc., a corporation, and that on August 2, 1975, a man by the name of Edward Rohme came in to buy a Vespa motorcycle from his employer. He identified Rohme in Court as the man who bought the motorcycle from him. Rohme asked Morgan if he would take a check and Morgan replied he would take a check if it was a good one. Rohme then stated he would not write it if it was not a good check. The price of the motorcycle was $895.00 plus tax and appellant wanted two helmets. The total price came to $954.74 and appellant drew a check in that amount payable to Far South Movement, Inc., and signed the name of “Edward W. Rohme” as the drawer of the check on “First Alabama Bank of Montgomery.” Morgan asked Rohme for some identification and he gave Morgan a receipt for an Alabama driver’s license. Morgan took the check and the driver’s license receipt to his immediate supervisor who approved the check for the sale and purchase of the motorcycle. This transaction occurred on a Saturday afternoon when the bank was closed. The check was deposited the following Tuesday. A few days later the check was returned to Far South Movement, Inc., a corporation, with a notation that “We do not appear to have a checking account in this name.”
Danny Lewis, Assistant Cashier and Custodian of Records of First Alabama Bank, testified that the check was kicked out of the normal payment procedure because there were not enough funds in checking account number 1086707 to pay the check to Far South Movement, Inc.
Lewis further stated that since the account number and the signature on the check did not match, there was an attempt made to find an account number for the signature, but the bank had no account in the name of “Edward W. Rohme.” Lewis searched the business records of the First Alabama Bank for account number 1086707 and found the account to be in the name of one “Edward A. Wells,” but could not locate an account in the name of Edward W. Rohme. Lewis further stated that account number 1086707 was opened on August 1, 1975, and on August 2, 1975, had a balance of only $2.82. That when the check drawn by appellant on the account of Edward A. Wells in the amount of $954.74 payable to Far South Movement, Inc., reached the bank on August 6, 1975, the account was $9.28 overdrawn. Mr. Lewis stated there was a total of $50.00 in deposits made in this account from August 1, to August 6, 1975.
Jeff Barnes testified that he was employed at Far South Movement, Inc., which had a Vespa motor scooter dealership in Montgomery, Alabama, and that he was manager of the company. He stated that he did not know appellant and had never had any business dealings with him. He said he had the responsibility of approving sales agreements and that he approved Rohme’s check for the purchase of the motorcycle and the other items after assuring himself that Morgan had taken the necessary precautions as to the identity of Rohme. He further stated that if he had not approved the check, the sale would not have gone through.
Mrs. Ester Pappanastos testified that she and her father owned Capitol City Homes, a rooming house located at 469 South Court Street in Montgomery. She stated she had a tenant by the name of Edward Wells; that Mr. Wells moved into one of her rooms *622 on July 4,1975, and lived there for three or four weeks. She stated he moved out at night some time before August 1, 1975. She said appellant looked like Mr. Wells but she could not tell for certain if they were one and the same person.
Sergeant L. E. Neuman, a State Trooper and Assistant Chief Review Officer of the Driver’s License Division of the Department of Public Safety, testified. He identified State’s Exhibit 8 as an application for a renewal or duplicate driver’s license and that it came from Edward Rohme. He further identified a temporary permit that was issued to Rohme and the number was 79937. This is the same number that Morgan wrote on the back of the check that appellant gave him on August 2, 1975, in the amount of $954.74, for the purchase of the motorcycle and two helmets.
At the conclusion of the State’s case appellant made a motion to exclude the evidence presented by the State because there was a fatal variance in the allegations laid in the indictment and the proof offered in support thereof. The motion was denied. Appellant requested the affirmative charge which was refused. He made a motion for a new trial which motion was also denied.
Where the evidence raises questions of fact for the jury, and such evidence, if believed, is sufficient to sustain the conviction, the denial of a motion to exclude the State’s evidence, the refusal to give the affirmative charge and the overruling of a motion for a new trial, do not constitute error. Young v. State, 283 Ala. 676, 220 So.2d 843.
A corporation is a legal entity and must conduct business by and through an agent, servant or employee. In this case the misrepresentation was made to Morgan, the agent, servant or employee of Far South Movement, Inc., who relied upon the misrepresentation of appellant that the check he gave in payment of the motorcycle and two helmets was good and would be honored when presented to the bank. Appellant did not have an account in the bank on which the check was drawn and the check was dishonored. This made out a clear case of false pretense.
Appellant’s contentions are answered in Lambert v. State, 55 Ala.App. 242, 314 So.2d 318, wherein this Court said:
“The evidence establishes that Mary Jones was an agent of West Brothers Corporation, exercising control over the merchandise and responsible for its sale. Appellant contends, however, that since the fishing reels were owned and possessed by West Brothers Corporation, the charge of false pretense cannot be proved by showing that an agent of the Corporation relied upon the misrepresentation. If appellant’s contention is correct, it would be virtually impossible to commit the offense of false pretense against a corporation unless the misrepresentation was made to the president or board of directors. Such is not the law. In Couch v. State, 38 Ala.App. 134, 78 So.2d 817 (1955), Judge Harwood of the Court of Appeals said:
‘It is well settled that the false pretense, an essential element of the offense charged in this case, may be made to an agent of the person from whom the property is obtained. Bazzell v. State, 16 Ala.App. 663, 81 So. 183; Young v. State, 22 Ala.App. 443, 116 So. 709; Bosworth v. State, 28 Ala.App. 538, 189 So. 794.’
“See also: Bailey v. State, 159 Ala. 4, 48 So. 791 (1909).”
The judgment of conviction is affirmed.
AFFIRMED.
All the judges concur.