BOWEN W. SIMMONS, Retired Circuit Judge.
Pursuant to an indictment and a plea of not guilty thereto, a jury convicted appellant-defendant, an indigent here and below, of obtaining a bulk supply of gasoline by false pretense. A judgment duly followed and a sentence of imprisonment, imposed by the trial court, for three years duly followed. The court put her on probation for three years. This appeal was taken from that judgment.
The formal part of the indictment is as follows:
“The Grand Jury of said County charge that before the finding of this indictment Terry Sue Graham, whose name is otherwise unknown to the Grand Jury, did falsely pretend to Lorenzo Everett, a duly *472 authorized agent of Murphy Oil Corporation, a corporation, with intent to defraud, that her husband, Samuel T. Graham, had mailed a cashier’s check, to-wit, cashier’s check # 43867 in the amount of $4,133.42, drawn on the Bank of Thomas-ville, Thomasville, Alabama, payable to Murphy Oil Corporation, to Murphy Oil Corporation, and by means of such false pretense, obtained from the said Lorenzo Everett 8,958 gallons of gasoline, of the value of, to-wit, $4,000.00, against the peace and dignity of the State of Alabama.”
It appears from the evidence that Samuel T. Graham purchased a gasoline filling station business from his brother and began operation.
Being short of operating funds he entered into a business arrangement with Murphy Oil Corporation, with a branch officer in Mobile, for a credit C.O.D. purchase of bulk gasoline. It was agreed that the first bulk supply would be delivered technically on a credit basis until the next load arrived at which time he was to pay for the preceding load. This arrangement of delayed payment was to continue for an indefinite period.
A supply of gasoline was delivered to the station on June 21, 1974. Another supply arrived by truck on July 1, 1974, at which time payment for the June 21, 1974, delivery was to be made.
The motor truck bearing the July delivery was driven by Lorenzo Everett, who owned the motor tractor but not the trailer, which was owned by Fleet Transportation Company, a licensed contract carrier. Fleet had a hauling agreement with Murphy, and pursuant to the agreement was transporting the gasoline to Samuel Graham’s filling station in Thomasville, Clarke County, Alabama.
When the July delivery arrived, appellant-defendant was in charge of the business. She was the wife of Samuel Graham, the owner.
The record here on file reflects that when Everett arrived with the truck of gasoline, the station was being tended by an attendant. Defendant came in later and informed Everett that she had mailed a cashier’s check for the gasoline delivered in June to Murphy Oil Company in Louisiana. Everett would not make delivery, but contacted his dispatcher in Mobile and advised him that he had not received a cashier’s check. Mrs. Graham talked to the dispatcher and told him about mailing the cashier’s check. Everett was called to the phone and he read to the dispatcher the receipt for the cashier’s check. It appears that the dispatcher, Platt, authorized the delivery of the gasoline after being informed that the cashier’s check was mailed to Murphy. So it appears that the dispatcher, after Mrs. Graham’s assuring that the check was mailed and after hearing the receipt read, took responsibility for the July delivery and not Everett, who was resolute in not delivering without a cashier’s check in hand as he was instructed.
It appears in the indictment that the July delivery was not effected by false pretense made to Everett. But Everett, in unloading the gasoline, did not rely on what defendant represented about this check. Such reliance is necessary. Primus v. State, 21 Ala.App. 630, 111 So. 194; Beaty v. State, 48 Ala.App. 699, 267 So.2d 490; Title 14, Section 213, Code of Alabama 1940. It appears that Platt was deceived and convinced and not Everett. There was a fatal variance between the allegations of the indictment and the proof.
The trial court erred in overruling the defendant’s motion to exclude the evidence. The judgment is reversed and the cause is remanded.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, Retired Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as of the Court.
REVERSED AND REMANDED.
All Judges concur.