(608 P.2d 421)

No. 51,047

STATE OF KANSAS, *Appellee,* v. GLENN LEE SAYLOR, *Appellant.*

Petition for review granted June 26, 1980.

Opinion filed April 4, 1980.

*Wesley M. Norwood,* of Riling, Norwood, Burkhead & Fairchild, Chartered, of Lawrence, for the appellant.

*Michael J. Malone,* District Attorney, and *Robert T. Stephan,* Attorney General, for the appellee.

Before PARKS, P.J., ABBOTT and SWINEHART, JJ.

PARKS, J.: This is an appeal from a jury conviction of felony theft by deception. K.S.A. 1979 Supp. 21-3701(*b*). Defendant Glenn Saylor contends that there was insufficient evidence to establish the charge of theft by deception and that the trial court erred in failing to give an instruction on attempted theft by deception.

On September 27, 1978, at approximately 2:15 p.m., Sharon Tenpenny, the security manager at the Lawrence K-Mart store, observed the defendant from a security window as he strolled around the store picking up various items of merchandise, placing them in his shopping cart and wheeling them back to the same location in the hardware section of the store. Specifically, Ms. Tenpenny testified that she saw defendant make 10 or more trips back to the hardware department with merchandise—he would place items in the upper compartment of the shopping cart, disappear from view in that area of the store and then return with an empty cart. She remembered seeing defendant pick up a chain saw on two of those trips and place them in a box in the hardware department. Ms. Tenpenny also testified that she saw defendant use a small bottle of glue at the location of the box in the hardware department and later deposit the bottle on a counter before leaving the store.

Following defendant's departure from the store, Ms. Tenpenny

located a box in the hardware section which belonged in the toy section. She did not move the box since several heavy items were stacked on top of it, but she noticed wet glue seeping out from under the cardboard flaps. She then notified John Pink, her area security supervisor, and Officer Fox of the Lawrence Police Department. Upon his arrival from Kansas City, Mr. Pink went to the hardware department where Ms. Tenpenny pointed out the box which was supposed to have contained a plastic toy chest shaped like a pig. Pink testified that the lid appeared to have been opened and resealed and that the box was extremely heavy when he lifted it.

Around 9:30 that evening the defendant entered the store and was observed by Ms. Tenpenny. The police were notified and Officer Fox agreed to meet Ms. Tenpenny outside the store. Ron Schwantes, the store manager, saw defendant pick up the box and place it in his shopping cart. Shortly thereafter, the defendant went through the checkout counter and paid for two items, a quart of oil and the toy chest box, marked at $13.97. Defendant was arrested outside the store in the parking lot and the box was found to contain over $500 in merchandise.

Defendant relies on *State v. Finch,* 223 Kan. 398, 573 P.2d 1048 (1978), to support his contention that his conviction of theft by deception should be reversed. In *Finch,* the evidence established that the security guard observed the defendant switch price tags on baby dresses with other tags which indicated a lower price. The guard notified the cashier of the switch but instructed her to allow the defendant to check out paying only the price marked. The court held:

"[I]n order to convict a defendant of theft by deception under K.S.A. 21-3701(*b*) the state must prove that the defendant with the required intent obtained control over another's property *by means of* a false statement or representation. To do so the state must prove that the victim was actually deceived and relied in whole or in part upon the false representation." *Finch,* 223 Kan. at 404.

The court concluded that the State failed to prove actual deception and reliance. Rather than discharging the defendant completely, it held that the trial court erred in failing to submit the case to the jury under proper instructions on the lesser included offense of attempt to commit theft by deception, as defined by K.S.A. 21-3301(1). The *Finch* case was remanded with directions to grant a new trial on the lesser included offense.

Obviously, the security and managerial employees of the vic-

tim (K-Mart) were not deceived by the defendant's actions; the police had been notified and great care taken to observe the defendant's conduct without alerting him to their suspicions. Nor could there have been any reliance by the store on defendant's representation that he was purchasing a plastic toy chest because the store employees knew that something else was in the cardboard box. Thus the necessary elements of deception and reliance are absent. In view of the *Finch* decision, we must conclude that the State did not sustain its burden on the principal charge and that the trial court erred in refusing to instruct on the lesser included offense of attempted theft by deception.

Because defendant must be granted a new trial on the lesser offense, we need not consider the other alleged trial errors. Judgment is reversed and the case is remanded with instructions to grant the defendant a new trial on the lesser included offense of attempt to commit theft by deception.

ABBOTT, J., concurring: I agree with the majority that *State v. Finch,* 223 Kan. 398, 573 P.2d 1048 (1978), requires us to reverse the conviction. I am, however, in agreement with the dissenting opinion in *Finch,* except for that part of the dissent expressing a view that the person who checked out the accused at the cash register had no knowledge of the "tag" switch and was therefore deceived. I do not believe a valid argument sufficient to establish deception can be made from the fact that an employee at the checkout stand is deceived when corporation management has knowledge of the underlying facts. A corporation does business through agents, and when the security officer and managerial employees have knowledge of facts indicating a theft is in progress then the corporation as owner would necessarily have knowledge; and the fact that the corporation chose not to enlighten a particular employee would not be sufficient to prove the corporate victim was actually deceived.

In adopting K.S.A. 1979 Supp. 21-3701, the legislature, in my opinion, intended to do away with many of the technicalities that distinguished larceny, theft by deception, embezzlement, false pretenses, extortion, receiving stolen property, and the like. When the court requires elements not included in the statute, it can, as it does here, lead to results that were never intended by the legislature.

If the county attorney had, as in retrospect he should have, charged the defendant with obtaining or exerting unauthorized control over property (K.S.A. 1979 Supp. 21-3701[a]) and the jury had convicted defendant of that offense, we would unhesitatingly affirm that conviction, for he was exerting unauthorized control and it matters not whether an accused takes an item out of a store in his own pocket or concealed in a box as long as the necessary criminal intent is present; and this would be so under subsection (a) even though every employee in the store had been aware that the defendant had the item in his possession from the moment it was removed from the shelf until the arrest occurred.

To me, it seems inconsistent to say that one can have theft under subsection (a) by exerting unauthorized control over property when the intended victim is not deceived because of having full knowledge of what the thief intends to do and then say one can be guilty only of a class E felony (attempted theft) under subsection (b) when the victim is not deceived, when the only statutory distinction is whether an accused *obtains or exerts unauthorized control* over property as opposed to his *obtaining control* over the property *by deception.* Certainly the accused had the necessary criminal intent to deceive the victim. The statute does not specifically require the intended victim to be deceived, and to graft that requirement to the statute is, in my opinion, contrary to legislative intent in adopting the statute.