No. 51,047

STATE OF KANSAS, *Plaintiff-Appellee*, v. GLENN LEE SAYLOR, *Defendant-Appellant.*

(618 P 2d 1166)

Opinion filed November 1, 1980.

*Wesley M. Norwood,* of Riling, Norwood, Burkhead, & Fairchild, Chartered, of Lawrence, argued the cause, and was on the briefs for the appellant.

*Michael J. Malone,* district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Greg Hammel* and *William Madden,* Legal Interns, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal from a conviction of theft by deception (K.S.A. 1979 Supp. 21-3701[b]). The Court of Appeals in a published opinion, *State v. Saylor,* 4 Kan. App. 2d 563, 608 P.2d 421 (1980), reversed and remanded with directions to grant the defendant a new trial on the lesser included offense of attempt to commit theft by deception. We granted review on petition of the State.

The facts in the case are well summarized in the opinion of the Court of Appeals. On September 27, 1978, in the city of Lawrence, a K-Mart store security officer observed the defendant,

Glenn Lee Saylor, as he made numerous trips through the store placing items in his shopping cart. He would go to the hardware department with items in the cart, but would leave that department with an empty cart. The security officer observed the defendant move about in one particular area, but was unable to see exactly what he was doing. She saw him take a bottle of glue to the area, use it, and then return it to a counter. The defendant then made a minor purchase and left the store. The security officer notified her supervisor. On investigation, she found in the hardware department a cardboard box which should have been located in the toy department and which ordinarily would contain a $13.97 plastic pig toy chest. The cover of the box had recently been resealed with glue. The security officer did not 'move or otherwise touch the box. When the defendant returned to the store later that evening, the security officer and the police were on hand. The defendant went to the hardware department where he placed the box in a shopping cart. He proceeded to the checkout counter and paid for two items—a quart of oil and a plastic pig toy chest priced at $13.97. The checkout cashier did not suspect there was anything wrong. The defendant was arrested outside the store in the parking lot. There the box was opened and found to contain several chain saws, metal rules, cigarettes, heavy duty staple guns, and record albums, with a total value in excess of $500. The defendant was arrested for theft. He was charged with and convicted of theft by deception under K.S.A. 1979 Supp. 21-3701(*b*).

The defendant appealed raising several points of alleged error. The Court of Appeals reversed the conviction, finding error in the trial court's failure to instruct the jury on *attempted* theft by deception. Noting this court's decision in *State v. Finch,* 223 Kan. 398, 573 P.2d 1048 (1978), the Court of Appeals held that, since there had been no actual reliance by or actual deception of the corporate victim, K-Mart, the defendant could only be guilty of attempted theft by deception. The Court of Appeals reversed the conviction and directed a new trial on attempted theft by deception.

On petition for review, the State of Kansas urges this court to reconsider the elements of theft by deception as enumerated by *Finch,* claiming that by interpreting 21-3701(*b*) to require reliance by or actual deception of the owner, the court added to the

offense of theft an element not contained in the statutory defini-
tion. Alternatively, the State argues that the present case is dis-
tinguishable from *Finch,* claiming that there was actual deception
in this case, at least in part, since the checkout cashier was totally
unaware of defendant's larcenous intent and no one within the
employment of K-Mart had more than a suspicion of defendant's
scheme at the time defendant purchased the merchandise and left
the store with the box. The State finally argues that, under the
consolidated theft statute, a conviction of theft should be sus-
tained, even though the burden of proof is not met as to the
offense specified in the indictment or information, if the evidence
supports conviction of theft under any other subsection of K.S.A.
1979 Supp. 21-3701.

We have reconsidered the rule announced in *State v. Finch,* and
have concluded that it is a correct statement of the law. The
syllabus in *Finch* states the rule which is consistent with prior
decisions of this court and with the rule generally accepted
throughout the United States:

> "In order to convict a defendant of theft by deception under K.S.A. 21-3701(*b*)
> the state must prove that the defendant with the required intent obtained control
> over another's property *by means* of a false statement or representation. To do so
> the state must prove that the victim was actually deceived and relied in whole or
> in part upon the false representation."

The rationale of the rule and the reasons why it was adopted by
this court are discussed in depth in that opinion. We have con-
cluded, however, that, under its particular facts, the present case
is distinguishable from *Finch,* in that the K-Mart checkout cash-
ier, who permitted the defendant to leave the store premises with
the box, was completely unaware of the true contents hidden in
the box and relied upon the deception practiced by the defendant
at that time.

The State argues that the defendant could have properly been
charged under section (*a*) of K.S.A. 1979 Supp. 21-3701, since the
evidence established that the defendant, with intent to deprive
the owner permanently of the possession, use, or ownership of
the owner's property, exerted unauthorized control over the
property by concealing the articles in the cardboard box. We
agree with the State. It is clear to us that where a customer in a
self-service store conceals on his person, or in a box or receptacle,
property of the store and has the requisite specific criminal intent,

that customer has committed a theft under subsection (*a*) of K.S.A. 1979 Supp. 21-3701. The specific criminal intent is difficult to prove, however, unless the customer actually fails to make proper payment for the property at the cashier's desk and leaves the store with the same remaining concealed. In this case, the defendant was not specifically charged under subsection (*a*) of K.S.A. 1979 Supp. 21-3701. The State did not seek to amend the information to include that subsection, nor was an appropriate instruction on that subsection given to the jury. The State thus relied only on proving theft by *deception* under subsection (*b*). The conviction of the defendant must stand or fall on the sufficiency of the evidence to show that the defendant, with the required specific intent, obtained control over the property by deception. We have concluded that the evidence was sufficient and that an instruction on attempted theft was not required.

In concluding that the evidence established a completed theft by deception, the trial court pointed out that the security employees of K-Mart had only a suspicion that the defendant was planning to steal articles of merchandise from the store. The actual merchandise taken was not determined until the box was opened following the defendant's arrest in the parking lot. We think it also important to note that the act of deception and false representation did not actually occur until the defendant deceived the cashier into believing that the box contained a plastic pig toy chest of a value of $13.97.

The rule of *Finch* simply requires the State to prove that the victim was actually deceived and relied wholly or *in part* upon the false representation made by the defendant. We note that this same result was reached under similar factual circumstances in *Lambert v. State,* 55 Ala. App. 242, 314 So. 2d 318, *cert. denied* 294 Ala. 763 (1975). In *Lambert,* it was held that *reliance* upon a misrepresentation was proved in a prosecution for false pretense, although the evidence showed that numerous persons in the store knew of defendant's scheme to change price tags on merchandise, where the checkout girl to whom defendant took the falsely priced merchandise relied upon the false representation as to those prices and parted with the merchandise, having no knowledge of the defendant's scheme. Since the undisputed evidence in this case showed the cashier at the checkout counter at K-Mart relied upon the false representation made by the defendant as to

the contents of the box and permitted defendant to take control of the box and its contents outside the confines of the store, we hold that the trial court did not err in concluding that there was the required reliance and thus an instruction on the lesser offense of attempted theft by deception was not required.

We now address the contention of the State that, under the consolidated statute, K.S.A. 1979 Supp. 21-3701, a conviction of theft may be upheld even though the burden of proof is not sustained as to the particular subsection specified in the information, if the evidence supports the conviction of theft under any one of the other subsections. We agree with the State that the primary purpose of the consolidated theft statute was to eliminate the complexities of pleading and proving the vague historical distinctions in the various types of theft. See comment, Judicial Council, 21-3701 (1968). Professor Paul E. Wilson, in his article, *Thou Shalt Not Steal: Ruminations on the New Kansas Theft Law,* 20 Kan. L. Rev. 385 (1972), makes the following observation:

"[C]onsolidation should eliminate the procedural difficulties that sometimes result from the fact that boundaries between the traditional theft crimes are obscure and the defendant who is charged with one crime cannot be convicted by proving another. An inexperienced—or even an experienced—prosecutor may have difficulty in determining whether a given set of facts indicates larceny, false pretense, or embezzlement. And even though the right charge is selected, a conviction based on borderline facts is more likely to be challenged on appeal. The objective, then, has been to define the crime broadly enough to include all vaguely separated theft offenses, so that evidence of appropriation by any of the forbidden methods will support the charge." p. 393.

Likewise, the Model Penal Code, § 223.1 (Proposed Off. Draft, May 4, 1962), provides:

"(1) *Consolidation of Theft Offenses.* Conduct denominated theft in this Article constitutes a single offense embracing the separate offenses heretofore known as larceny, embezzlement, false pretense, extortion, blackmail, fraudulent conversion, receiving stolen property, and the like. An accusation of theft may be supported by evidence that it was committed in any manner that would be theft under this Article, notwithstanding the specification of a different manner in the indictment or information, subject only to the power of the Court to ensure fair trial by granting a continuance or other appropriate relief where the conduct of the defense would be prejudiced by lack of fair notice or by surprise."

Under the former Kansas code as it existed prior to the adoption of the present code, effective July 1, 1970, the crime of false pretenses was covered by K.S.A. 21-551 and 21-552 (Corrick,

1964). The legislature recognized the difficulties of proof in this area by enacting K.S.A. 21-553 (Corrick, 1964):

"21-553. **Conviction of larceny under 21-551, 21-552.** If upon the trial of any person indicted for any offense prohibited in the last two sections, it should be proved that he obtained the money or other thing in question in such manner as to amount in law to a larceny, he shall not by reason thereof be entitled to an acquittal, but he shall be convicted and punished as if the offense had been proved as charged."

In *Talbot v. Wulf,* 122 Kan. 1, 5, 251 Pac. 438 (1926), this court stated that 21-553 was designed to prevent a failure of justice on account of a variance between pleading and proof dependent on the distinction between the crime of larceny and the crime of obtaining property by false pretense.

It is obvious to us that one of the purposes of the enactment of the consolidated theft statute, K.S.A. 21-3701, was to avoid the pitfalls of pleading where a defendant might escape a conviction for one type of theft by proof that he had committed another type of theft. There is now only the single crime of theft which is complete when a man takes property not his own with the intent to take it and deprive the owner thereof. A defendant may be convicted of theft upon proof of facts establishing either embezzlement, larceny, receiving stolen property, or obtaining property by false pretense. It has long been the law of Kansas that an accusatory pleading in a criminal action may, in order to meet the exigencies of proof, charge the commission of the same offense in different ways. In such a situation, a conviction can be upheld only on one count, the function of the added counts in the pleading being to anticipate and obviate fatal variance between allegations and proof. Thus, it has been held proper to charge by several counts of an information the same offense committed in different ways or by different means to the extent necessary to provide for every possible contingency in the evidence. *Williams v. Darr,* 4 Kan. App. 2d 178, 180-81, 603 P.2d 1021 (1979); *State v. Hagan,* 3 Kan. App. 2d 558, 598 P.2d 550 (1979); *State v. Pierce, et al.,* 205 Kan. 433, 469 P.2d 308 (1970); *State v. Emory,* 116 Kan. 381, 226 Pac. 754 (1924); and *State v. Harris,* 103 Kan. 347, 175 Pac. 153 (1918).

Where there is a question in the mind of the prosecutor as to what the evidence will disclose at trial, the correct procedure is to charge the defendant in the alternative under those subsections of K.S.A. 1979 Supp. 21-3701 which may possibly be established by

the evidence. This may properly be done under Kansas law by charging several counts in the information to provide for every possible contingency in the evidence. By so doing, the jury may properly be instructed on the elements necessary to establish the crime of theft under any of the subsections charged and the defendant will have no basis to complain that he has been prejudiced in his defense.

It should also be noted that, under K.S.A. 1979 Supp. 22-3201(4), a trial court may permit a complaint or information to be amended at any time before verdict or finding if no additional crime is charged and if substantial rights of the defendant are not prejudiced. Following that statute, we have a number of decisions which hold that it is proper for the State to amend the information during trial by adding words which change the method by which the particular crime was committed in the particular case. For example in *State v. Lamb,* 215 Kan. 795, 798, 530 P.2d 20 (1974), the State was permitted to amend a charge of kidnapping by adding the words "or deception" to the allegation "by means of force," since there was evidence presented in the case that the kidnapping was accomplished both through force and deception. In *State v. Bell,* 224 Kan. 105, 106, 577 P.2d 1186 (1978), the State was permitted to amend certain counts in the information, charging kidnapping, to add the words "by force and deception" to make the information conform to the evidence presented. See also *State v. Rives,* 220 Kan. 141, 144-45, 551 P.2d 788 (1976) (where the information was amended to charge that the defendant took the purloined property "from the presence of" a named individual rather than "from the person of" the same individual); *State v. Ferguson,* 221 Kan. 103, 105, 558 P.2d 1092 (1976) (where the State was permitted to amend the *date* of the violation originally charged in the information). In this case, as mentioned above, the State did not seek to amend the charge of theft contained in the information to include an allegation of theft under subsection (*a*) of K.S.A. 1979 Supp. 21-3701 and the jury was not instructed on that charge. Thus, the jury could not properly consider the question of defendant's guilt or innocence of the crime of theft under subsection (*a*).

In closing, it should be noted that we have considered the other point of complained error raised in defendant's brief that the

district court erred in allowing the State to introduce certain rebuttal testimony. We find this point to be without merit.

For the reasons set forth above, we hold that the judgment of the district court upholding the conviction of the defendant for theft by deception (K.S.A. 1979 Supp. 21-3701[b]) is affirmed. It is further ordered that the judgment of the Court of Appeals is reversed for the reasons set forth in the opinion.