No. 103,735

STATE OF KANSAS, *Appellee*, v. THOMAS PERKINS, *Appellant*.

(290 P.3d 636)

Opinion filed December 21, 2012.

*Joanna Labastida*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*R. Douglas Sebelius*, county attorney, argued the cause, and *Steve Six*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

MORITZ, J.: We granted Thomas Perkins' petition for review of the Court of Appeals' decision affirming his conviction for driving under the influence of alcohol (DUI). Perkins claims he was deprived of his right to a unanimous jury verdict because the State charged him with alternative means of committing DUI, the jury was instructed on both means, and the State failed to present sufficient evidence to establish both means on which the jury was instructed.

Relying on *State v. Ahrens*, 296 Kan. 151, 290 P.3d 629 (2012), we reverse the Court of Appeals' determination that the phrase "operate or attempt to operate" in K.S.A. 2008 Supp. 8-1567(a) creates alternative means of committing a crime. Instead, as we held in *Ahrens*, that phrase merely describes the factual circumstances supporting the "driving" element of the offense. And because "operating a vehicle" and "attempting to operate a vehicle" are not alternative means, the State was not required to prove both sets of factual circumstances. 296 Kan. at 160. Here, Perkins concedes the State presented sufficient proof that Perkins operated the vehicle while under the influence of alcohol; therefore we need not consider whether the Court of Appeals properly concluded the evidence of an attempt to operate the vehicle also was sufficient, and we affirm his DUI conviction.

## FACTUAL AND PROCEDURAL BACKGROUND

Kansas Highway Patrol Trooper Phil Henrickson was on patrol in Norton County when he saw a truck parked on the shoulder of the highway. Henrickson noticed the passenger door was open and decided to stop to make a safety check. As he did so, he saw a man, later identified as Gage Hoft, get out of the passenger side of the truck, walk around the back of the truck, and approach the driver's side of the truck.

Henrickson approached Hoft and asked him if everything was okay. Hoft told Henrickson he was going to drive because the driver, later identified as Perkins, was having back problems. Henrickson attempted to speak with Perkins, who was seated in the driver's seat. Perkins did not respond to Henrickson but instead

got out of the truck, walked around to the passenger side, and sat in the passenger seat. According to Henrickson, Perkins appeared to be under the influence of alcohol as he staggered around the truck. Henrickson also observed three open containers of alcohol in the front seat of the truck. Henrickson requested Perkins' driver's license and proof of insurance, which Perkins had difficulty providing. Based on his observations, Henrickson began a DUI investigation.

After Perkins failed preliminary sobriety tests and demonstrated "very slurred" speech and "bloodshot and droopy" eyes, Henrickson arrested Perkins for DUI and transporting an open container. At some point during the investigation, Perkins told Henrickson that he had had too much to drink, that he had been on his way home, "heading over the line, speeding," and Hoft was going to drive the rest of the way home.

The State charged Perkins with three crimes: unlawfully operating or attempting to operate a vehicle while under the influence of alcohol in violation of K.S.A. 2008 Supp. 8-1567(a), transporting an open container of alcoholic beverage in violation of K.S.A. 2008 Supp. 8-1599, and driving while suspended (DWS) in violation of K.S.A. 2008 Supp. 8-262.

Perkins testified at trial, admitting he was intoxicated the day of his DUI arrest and that he had also taken hydrocodone, but he denied driving or attempting to drive that day. Hoft and Perkins both testified that Hoft had been driving the truck but pulled over to the side of the road so Perkins could vomit. Both men claimed that after Perkins vomited on the passenger side floorboard, Hoft pulled over and Perkins moved to the driver's seat so Hoft could clean up the floorboard. However, Henrickson and another officer who arrived as backup both testified they observed no signs of regurgitation in or near the truck.

Regarding the DUI charge, the jury was instructed as follows:

"INSTRUCTION NO. 7

"The defendant is charged with the crime of operating or attempting to operate a motor vehicle while under the influence of alcohol. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

1. That the defendant *drove or attempted to drive* a vehicle;

2. That the defendant, *while driving or attempting to drive*, was under the influence of alcohol to a degree that rendered him incapable of safely driving a vehicle; and

3. That this act occurred on or about the 20th day of June 2009, in Norton County, Kansas." (Emphasis added.)

### "INSTRUCTION NO. 8

"The term 'to operate' as used in K.S.A. 8-1567 means 'to drive.' In order for a person to be convicted of operating a motor vehicle while under the influence of alcohol, the State must prove that the accused *drove or attempted to drive* a motor vehicle while in an intoxicated condition.

"An attempt is any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime." (Emphasis added.)

The jury convicted Perkins as charged, and Perkins directly appealed to the Court of Appeals.

*Court of Appeals' Decision*

Perkins claimed the State alleged alternative means of proving both the DUI and DWS convictions but failed to prove all of those means, requiring reversal of both convictions. The panel concluded the State failed to prove the alternative means of committing DWS and reversed that conviction. *State v. Perkins*, 46 Kan. App. 2d 121, 132-33, 257 P.3d 1283, *rev. granted* 293 Kan. 1112 (2011).

Relying on *State v. Stevens*, 285 Kan. 307, 316, 172 P.3d 570 (2007), the panel first concluded that K.S.A. 2008 Supp. 8-1567(a) contains alternative means of committing the crime of DUI: (1) operating a vehicle while under the influence of alcohol or (2) attempting to operate a vehicle while under the influence of alcohol. *Perkins*, 46 Kan. App. 2d at 122-23. Then, citing *State v. Wright*, 290 Kan. 194, Syl. ¶ 2, 224 P.3d 1159 (2010), the panel found the State was required to present sufficient evidence to support both means and if it failed to do so, the panel was required to reverse the conviction. 46 Kan. App. 2d at 123. After analyzing the evidence of attempt and the meaning of the phrase "attempt to operate," the panel ultimately concluded the State presented sufficient evidence that Perkins attempted to operate his vehicle

while under the influence of alcohol in violation of 8-1567(a) and affirmed his conviction. 46 Kan. App. 2d at 127.

Perkins filed a petition for review challenging the panel's affirmance of his DUI conviction. We granted his petition for review, obtaining jurisdiction under K.S.A. 20-3018(b).

We note that the State did not cross-petition the panel's reversal of Perkins' DWS conviction. Therefore, we will not consider the panel's ruling on that issue. But see *State v. Suter*, 296 Kan. 137, 149, 290 P.3d 620 (2012) (affirming panel's decision finding DWS statute did not contain alternative means).

## DISCUSSION

In his petition for review, Perkins maintains he was deprived of his statutory right to a unanimous jury verdict because the State charged him with alternative means of committing DUI, the jury was instructed on both means, but the State failed to present sufficient evidence to support both means. Specifically, Perkins argues the State failed to present sufficient evidence that he attempted to operate the vehicle while he was under the influence of alcohol. However, Perkins concedes the State presented sufficient evidence that Perkins actually drove the vehicle.

In reviewing the panel's decision, we must first determine whether K.S.A. 2008 Supp. 8-1567(a) contains alternative means of committing the crime. That task is made much simpler in light of our recent opinion in *Ahrens*. There, applying the rubric of *State v. Brown*, 295 Kan. 181, 284 P.3d 977 (2012), we concluded the legislature did not intend to create alternative means of committing DUI by placing the disjunctive "or" between the term "operate" and the phrase "attempt to operate" in K.S.A. 2008 Supp. 8-1567(a). *Ahrens*, 296 Kan. at 160. Instead, we reasoned the term "operate" and the phrase "attempt to operate" merely describe the factual circumstances in which a material element of the crime of DUI—*i.e.*, driving—may be proven. *Ahrens*, 296 Kan. at 160 (quoting *Brown*, 295 Kan. at 196-97).

Based on *Ahrens*, we hold that the jury in this case was not instructed on alternative means with respect to the DUI charge and therefore the State was not required to prove that Perkins both

operated and attempted to operate a vehicle while under the influence. See *Ahrens*, 296 Kan. at 160-61; *Brown*, 295 Kan. at 196-97.

Further, Perkins concedes the State presented sufficient evidence that he operated the vehicle while under the influence. Our review of the evidence confirms that the State's proof more than confirms this concession. In so holding, we note that a DUI conviction, like any conviction, can be supported by direct or circumstantial evidence. See, *e.g.*, *State v. Ward*, 292 Kan. 541, 581, 256 P.3d 801 (2011) (reiterating that a conviction of even the greatest offense can be based entirely on circumstantial evidence), *cert. denied* 132 S. Ct. 1594 (2012); *State v. Kendall*, 274 Kan. 1003, 1009, 58 P.3d 660 (2002) (noting that a DUI conviction may be supported by direct or circumstantial evidence); *State v. Fish*, 228 Kan. 204, 210, 612 P.2d 180 (1980) ("Proof of driving does not require an eyewitness to the driving. It may be shown by circumstantial evidence . . . .").

In conclusion, we reverse the panel's decision finding that K.S.A. 2008 Supp. 8-1567(a) states alternative means of committing the crime of DUI. Further, because the State presented sufficient evidence that Perkins operated a vehicle while under the influence, we affirm the panel's decision to affirm Perkins' DUI conviction without considering the panel's conclusion that the State presented sufficient evidence of an attempt to operate.

Judgment of the Court of Appeals on the issue subject to our review is affirmed in part and reversed in part. Judgment of the district court on that issue is affirmed, and Perkins' conviction is affirmed.