NOT DESIGNATED FOR PUBLICATION

No. 112,539

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JANA BOOR,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed January 8, 2016. Reversed.


*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.


*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MCANANY, P.J., POWELL, J., and DAVID J. KING, District Judge, assigned.


POWELL, J.:  A jury found Jana Boor guilty of theft by deception, and she now appeals, arguing the evidence in the record is insufficient to support her conviction. Because we find, even when viewing the facts in the light most favorable to the State, that Boor did not obtain access to the funds in question by deception or misrepresentation, we have no choice but to conclude the evidence does not support her conviction, necessitating reversal of Boor's conviction.


1

FACTUAL AND PROCEDURAL BACKGROUND

From 2010 to 2012, Steven Motor Group (SMG) in Wichita, Kansas, employed Jana Boor as a bookkeeper. In addition to owning multiple car lots, SMG operated a salvage yard and a body shop. Each of these locations would put their receipts and deposits in a locked briefcase and send them by runner to the corporate headquarters for counting. At SMG's headquarters, Boor was in charge of accounts receivable, accounts payable, and readying and accounting for such deposits to be sent to the bank. Boor's job was to remove the deposits consisting of both cash and checks, verify the accuracy of the accompanying deposit slips, and transfer the funds to a bank bag which was then transported to the bank. Boor and the other bookkeepers were expected to notify Cathy Johnson, the office manager, if they noticed any discrepancies in the deposit slips.

Johnson noticed that some of Boor's deposits were not being processed on a timely basis. Johnson verified her findings through SMG's records and noticed that, although it was normal for deposits to take up to 4 days to clear, Boor's deposits were clearing approximately a month after they were received from the dealership. Additionally, Johnson noticed that instead of the typical 5 deposits, approximately 15 deposits were being sent through together. This aroused Johnson's suspicions. Johnson confronted Boor who appeared "shocked" by the accusation. However, their conversation was interrupted by an unrelated work situation. Johnson decided to monitor Boor for another month.

Johnson observed the situation worsening with 20 deposits clearing 2 weeks late and nearly $10,000 unaccounted for. She confronted Boor a second time; initially Boor had no explanation for the discrepancies but shortly thereafter retrieved a large envelope from her desk containing deposits. Johnson testified that Boor stated: "I'm so glad this is over. I don't have to hide this anymore." Further, Johnson testified that Boor, when pressed for an explanation, repeatedly stated: "I'm responsible for this cash. I'm trying to pay it back. I've paid back a thousand of it already."

2

Johnson asked Greg Anderson, SMG's corporate counsel, to join the meeting. Anderson testified that Boor explained the discrepancies in the deposits were the result of somebody other than herself, but that because she was responsible for accurate accounting, she felt it was her duty to pay the cash back. Boor explained that she was trying to replace the missing money and told no one it was missing because she did not want to lose her job. SMG terminated Boor.

The State charged Boor with one count of theft by deception, and the jury convicted her as charged. The district court imposed a 6-month prison sentence and granted probation. Boor appeals.

## WAS THERE SUFFICIENT EVIDENCE TO FIND BOOR GUILTY OF THEFT BY DECEPTION?

Boor argues the evidence in the record is insufficient to support a finding of guilt for the offense of theft by deception because the State provided no evidence that Boor obtained control over property by means of a false statement or representation.

> "When a verdict is challenged for insufficiency of evidence or as being contrary to the evidence, it is not the function of the appellate court to weigh the evidence or pass on the credibility of the witnesses. If the evidence, . . . when considered in the light most favorable to the prevailing party, supports the verdict, it will not be disturbed on appeal." *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, Syl. ¶ 12, 266 P.3d 516 (2011).

The State charged Boor with theft by deception pursuant to K.S.A. 2014 Supp. 21-5801(a)(2): "Theft is any of the following acts done with intent to permanently deprive the owner of the possession, use or benefit of the owner's property or services: . . . obtaining control over property or services, by deception." In order to prove theft by deception, the State was required to prove (1) that SMG owned the property; (2) that

3

Boor obtained control over the property by means of a false statement or representation which deceived the property owner (in this case, SMG) and that SMG in whole or in part relied upon the false statement in relinquishing control of the property; and (3) that Boor intended to permanently deprive SMG of the use or benefit of the property. See *State v. Laborde*, 302 Kan.___, Syl. ¶ 4, 360 P.3d 1080 (2015).

Boor argues that no evidence was presented that she made a false statement or misrepresentation to SMG in order to obtain control of any money from SMG. Rather, according to Boor, the evidence in the record showed she already had access to the money as part of her regular job duties. In sum, Boor contends that the evidence in the record, taken in the light most favorable to the State, supports a conviction of embezzlement but *not* a conviction of theft by deception.

For support, Boor cites *State v. Rios*, 246 Kan. 517, 792 P.2d 1065 (1990), in which our Supreme Court described the difference between theft by deception and embezzlement and explained that the required element of theft by deception—obtaining control over the property by means of a false statement or representation—was absent under the facts:

> "The owner (Dillard's) placed defendants in charge of the respective stores. There is no deception claimed to be involved in the obtaining of these positions. In such capacity, each defendant had access to the respective safes, cash room, and vouchers in his store. Each was the highest ranking Dillard's employee in his respective store. The bogus vouchers were used to cover up the thefts, not to cause the corporation to part with the monies represented by the vouchers.
>     . . . .
>     "An analogy would perhaps be illustrative. A farmer hires a fox to be in charge of his chicken house. There is no deception by the fox in obtaining his position. The fox has full access to all parts of the operation as a part of his job. Let us assume the fox starts stealing eggs from the egg storage area. To cover up the thefts, he replaces each stolen egg with a plastic one, or, perhaps, falsifies the records as to how many eggs have

4

been laid. In such case, no theft by deception has occurred. The farmer has not been induced to part with the control of property through deception. The crime of embezzlement, now included within K.S.A. 21-3701(a), has been committed.

"By contrast, let us suppose a fox con artist approaches the farmer, stating he represents a wealthy eccentric who will pay twice the market price for eggs but who will only deal anonymously through the fox. The farmer turns his eggs over to the fox on the latter's promise that he will return the following morning with payment therefor in cash. The fox never returns. The farmer is a victim of theft by deception as he parted with his property as the result of the false statements." 246 Kan. at 527-28.

Here, there was similarly no deception in Boor obtaining her position as bookkeeper. Instead, when viewed through the lens of *Rios*' analogy, Boor was the fox who the farmer hired to run the chicken house. Once employed as a bookkeeper, Boor used her position to steal money from SMG (when viewing the facts of this case in the light most favorable to the State), just as the fox used its position to steal the eggs. This is embezzlement.

The State counters that there is no error because Boor made the requisite false representation through her deceptive, implied representation that the money contained in the delayed deposits was that initially transferred from the dealership. For support, the State cites *State v. Saylor*, 228 Kan. 498, 618 P.2d 1166 (1980), where the Kansas Supreme Court determined a theft by deception occurred where the defendant concealed merchandise in a box normally containing merchandise sold at a lower price. The retailer suspected that the defendant had concealed additional items inside the retail box, but had no definitive proof. After the defendant purchased the box containing the additional merchandise, he was arrested outside the store and the concealment was revealed. Our Supreme Court determined a theft by deception occurred because "the undisputed evidence in this case showed the cashier at the checkout counter . . . relied upon the false representation made by the defendant as to the contents of the box and permitted

5

defendant to take control of the box and its contents outside . . . the store." 228 Kan. at 501-02.

The State's reliance on *Saylor* is unpersuasive because its facts do not analogize to those in the present case. While Boor impliedly represented that she was not stealing money from SMG through her handling of the deposits, this does not change the fact that she made no misrepresentation that initially caused SMG to entrust her with the money prior to the theft. In *Saylor*, the defendant obtained control over the merchandise through a deception: purchasing the box containing the concealed merchandise. Here, however, Boor did *not* obtain control of the deposits through deception. Instead, Boor's actions, again, analogize closely with *Rios*' fox, who committed an embezzlement after legitimately gaining control over the chicken house—even when the fox took steps to hide the theft after it occurred. The State's argument fails because the false representation must be made such that it causes the owner of the property to entrust the property to the thief. Here, as stated, Boor made no such misrepresentation. Her misrepresentation occurred *after* SMG entrusted her with the deposits. Again, this is embezzlement.

Put plainly, for a theft by deception to have occurred here, Boor would have had to present a deception or misrepresentation relied upon by SMG in initially granting her access to the deposits. As the State never made any such claim or presented any corresponding evidence, the facts of this case could not have supported a conviction of theft by deception pursuant to K.S.A. 2014 Supp. 21-5801(a)(2). Accordingly, we must reverse Boor's conviction.

Reversed.