NOT DESIGNATED FOR PUBLICATION

No. 112,221

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

KAROLYN G. HASTINGS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed November 6, 2015. Affirmed in part, reversed in part, and remanded with directions.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant district attorney, *Kyle Edelman*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., SCHROEDER, J., and HEBERT, S.J.

*Per Curiam*: Karolyn G. Hastings was convicted by a jury of driving under the influence (DUI). On appeal, Hastings argues there was insufficient evidence to support the jury's verdict. She also appeals her sentence, arguing that the district court erred by considering a 1997 DUI conviction when scoring her current conviction as a third DUI.

While we find that the evidence was sufficient to support the verdict and affirm the conviction, we find the district court erred by considering the 1997 DUI conviction when scoring the current conviction, and we remand for resentencing.

1

FACTUAL AND PROCEDURAL BACKGROUND

On May 5, 2010, at 2:15 a.m., Deputy James Loghry witnessed a pickup truck pull out of the turnaround lane; it continued to travel south. As the truck turned, it went into the outside lane, overcorrected back into the inside lane, and then returned to the outside lane.

Deputy Loghry maintained a constant distance as he followed the truck. He estimated the truck was traveling at 30 miles per hour in a 55-mile-per-hour zone. The truck weaved back and forth several times, and Deputy Loghry decided to perform a traffic stop. First, Deputy Loghry activated his lights, but the driver of the truck did not immediately respond. Next, he activated his sirens; it took a half mile to stop the truck. When the truck stopped, it failed to pull over to the shoulder; instead the driver stopped the truck in the middle of the southbound lane. Deputy Loghry waited for a support officer before making contact with the driver.

Deputy Loghry identified the driver as Karolyn Hastings. During his contact with Hastings, Deputy Loghry observed an odor of alcohol coming from her person. He also noticed Hastings' eyes were bloodshot and "[h]er speech was very slow and sort of slurred and mumbled." Hastings also appeared to be moving slower than Deputy Loghry would normally expect. Deputy Loghry then asked Hastings if she had had anything to drink; she said she had a small amount. He asked Hastings to perform the standardized field sobriety tests, but she refused.

After Hastings declined to perform the field sobriety tests, Deputy Loghry asked her to step out of the vehicle. Hastings was unstable and appeared to have slight difficulty maintaining her balance. Deputy Loghry arrested Hastings and placed her in the patrol car. Deputy Loghry then read the implied consent form to Hastings. He asked her to submit a breath test, but she refused.

The State charged Hastings with one count driving under the influence of alcohol or drugs, one count driving while suspended, and one count no liability insurance. Hastings pled guilty to driving while suspended and no liability insurance. A jury convicted Hastings of driving under the influence.

Prior to sentencing, Hastings objected to the use of her 1997 DUI conviction for sentencing enhancement purposes. She argued K.S.A. 2011 Supp. 8-1567 applied retroactively and only convictions occurring on or after July 1, 2001, should be taken into account. The district court declined to apply K.S.A. 2011 Supp. 8-1567 to Hastings and counted her 1997 DUI conviction; the district court found her current conviction was a third DUI offense for sentencing purposes.

The district court sentenced Hastings to serve 90 days in jail as a condition of a 12-month probation term with a 12-month underlying jail sentence. The district court also ordered Hastings to pay a $2,050 fine; she was fined $1,750 for the DUI conviction and $300 for the no liability insurance conviction. The district court also authorized community service in lieu of fees and fines. Hastings timely appeals.

*Sufficient evidence supports the jury verdict.*

Hastings claims that since the only evidence presented by the State was Deputy Loughry's testimony regarding his observations, the evidence was not sufficient to prove that she was under the influence of alcohol to a degree that rendered her incapable of safely driving. The State presented no evidence of the results of any standardized field sobriety tests, breath tests, or blood tests.

3

*Standard of Review*

When the sufficiency of the evidence is challenged in a criminal case, this court reviews all the evidence in the light most favorable to the prosecution, and must be convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Williams*, 299 Kan. 509, 525, 324 P.3d 1078 (2014). In determining whether there is sufficient evidence to support a conviction, the appellate courts generally will not reweigh the evidence or make witness credibility determinations. 299 Kan. at 525. It is only in rare cases where the testimony is so incredible that no reasonable factfinder could find guilt beyond a reasonable doubt and that a guilty verdict be reversed. *State v. Matlock*, 233 Kan. 1, 5-6, 660 P.2d 945 (1983).

A verdict may be supported by circumstantial evidence, if such evidence provides a basis from which the factfinder may reasonably infer the existence of the fact in issue. However, the evidence need not exclude every other reasonable conclusion or inference. *State v. Brooks*, 298 Kan. 672, 689, 317 P.3d 54 (2014). A conviction of even the gravest offense can be based on circumstantial evidence. 298 Kan. at 689; see *State v. Perkins*, 296 Kan. 162, 167, 290 P.3d 636 (2012) (noting DUI convictions can also be supported by direct or circumstantial evidence).

"Under the Due Process clause of the 14th Amendment, no person may be convicted of a crime unless every fact necessary to establish the crime with which he is charged is proven beyond a reasonable doubt." *State v. Switzer*, 244 Kan. 449, 450, 769 P.2d 645 (1989) (citing *In re Winship*, 397 U.S. 358, 368, 90 S. Ct. 1068, 25 L. Ed. 2d 368 [1970]).

*The Evidence*

Hastings committed this DUI offense in May 2010. K.S.A. 2009 Supp. 8-1567(a) provides: "No person shall operate or attempt to operate any vehicle within this state while: . . . (3) under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle."

At the trial, Deputy Loghry was the only witness who testified. He testified he observed the truck pull out of the turnaround and overcorrect itself; he said it was unusual but not uncommon for people to overcorrect on a turn. He said he paced the vehicle and estimated it was going 30 miles per hour when the posted speed limit was 55 miles per hour. He witnessed the truck weave "four to five times each direction that it went clear to the outside of the lane." He testified, "[The truck] would cross the center dotted line and also cross the fog line on the outside to travel onto the median and back into the lane." When asked how much the vehicle swerved, he said, "[I]t went from a tire to half the vehicle to eventually the entire vehicle went into a turn lane and back into the lane it was traveling in." After observing the infractions, he decided to pull over the truck.

Deputy Loghry activated his lights and sirens; he was able to pull the driver over after a half mile. He said that, generally, people pull over to the right as far as possible, but the driver of the truck just stopped in the southbound lane of travel. Once he made contact with the driver, he was able to identify her as Hastings.

Deputy Loghry told the jury what he observed when he made personal contact with Hastings. He said he could smell alcohol coming from her, she had bloodshot eyes, her speech was "very slow and sort of slurred or mumbled," and she seemed to be moving slower than what was normally expected. When he asked if she had anything to drink, Hastings said she had "[a] little bit or a small amount." He offered Hastings the opportunity to perform the standardized field sobriety tests, but she refused. He then

5

asked her to step out of the car, and she appeared to be slightly unstable. He arrested Hastings for DUI; he placed her in handcuffs and put her in the back of a patrol car. He did not believe Hastings could safely operate a vehicle.

After placing Hastings in the patrol car, Deputy Loghry read the implied consent form to her and asked her to submit a breath test, but she declined to do this as well. K.S.A. 2014 Supp. 8-1001(k)(7) provides: "[R]efusal to submit to testing may be used against the person at any trial on a charge arising out of the operation or attempted operation of a vehicle while under the influence of alcohol or drugs, or both." Because Hastings refused to submit to a breath test, this information was appropriately put before the jury; the lack of results was evidence for the jury to consider. The jury was free to imply and conclude that Hastings refused the tests because the results would have been unfavorable.

On cross-examination, Deputy Loghry testified that fatigued and emotional drivers also weave in the lanes, and the traffic infractions may not be alcohol related. He also said Hastings was not breaking the law when she was driving 30 miles per hour. He said he was not familiar with the nature of Hastings' speech; he did not have any difficulty communicating with her; she was cooperative and responsive to all questions; and she was not inappropriate or disoriented.

After weighing the evidence and determining the credibility of Deputy Loghry, the jury found Hastings guilty of DUI. Looking at all of the evidence in a light most favorable to the State and considering the jury's verdict, there was sufficient evidence to find Hastings was under the influence of alcohol to a degree that rendered her incapable of safely driving a vehicle.

*The district court erred by scoring Hastings' conviction as a third DUI.*

Hastings argues the district court erred by counting a 1997 DUI conviction when it scored her current conviction as her third DUI. She contends K.S.A. 2011 Supp. 8-1567(j)(3) applies retroactively, and the district court erred by failing to apply the newly enacted look-back provision. She supports her argument with our Supreme Court's holding in *State v. Reese*, 300 Kan. 650, Syl., 333 P.3d 149 (2014):

> "K.S.A. 2011 Supp. 8-1567(j)(3) provides that the sentencing court is to take into account only those prior driving under the influence (DUI) convictions that occurred on or after July 1, 2001, and make the determination at the time of sentencing whether the current conviction is a first, second, third, fourth, or subsequent offense for purposes of imposing a sentence enhancement. Accordingly, the provisions of K.S.A. 2011 Supp. 8-1567(j)(3) apply to all persons who are sentenced for DUI on or after the July 1, 2011, effective date of the amended statute."

Hastings was sentenced on November 30, 2012. The amended look-back period applied to Hastings pursuant to *Reese*, and the 1997 DUI conviction should not have been considered for sentence enhancement purposes. The State concedes that in light of *Reese*, it was error to count Hastings' 1997 DUI. The current conviction should have been her second DUI for sentencing purposes. The State argues that this issue is moot because Hastings has served the balance of her sentence.

As a general rule, an appellate court does not decide moot questions or render advisory opinions. The mootness doctrine is one of court policy, which recognizes that the court's role is to determine real controversies relative to the legal rights of persons and properties that are actually involved in the particular case properly brought before it and to adjudicate those rights so that the determination will be operative, final, and conclusive. *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012).

7

The State argues this issue is moot because "[Hastings] has served the balance of the sentence in this case and was not ordered to serve a period of post-release supervision." The State provided this court with a letter in accordance with Supreme Court Rule 2.042 (2014 Kan. Ct. R. Annot. 18). The letter stated Hastings was discharged on September 24, 2014. The State also contends that "because Hastings was convicted of driving under the influence in 10CR001637, at the same time as the current case, she would ultimately still have a felony record even if the case were remanded for sentencing in compliance with *Reese*."

Because mootness is a doctrine of court policy, which was developed through court precedent, appellate review of the issue is unlimited. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012).

The State's argument fails. Our Supreme Court has held: "An appeal will not be dismissed for mootness, unless it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights." *McAlister v. City of Fairway*, 289 Kan. 391, 400, 212 P.3d 184 (2009); *Montgomery*, 295 Kan. at 840-41. Furthermore, our Supreme Court has found:

> "Challenging the efficacy of a conviction is simply a different proposition than is presented here. The possible collateral consequences of a conviction are 'too obvious to declare [an] appeal [of the conviction] moot simply because defendant cannot be subjected to additional jail time.' [Citation omitted.] The impact of a conviction is tangible and immediate.
>
> "For instance, a conviction is immediately added to the defendant's criminal history score and will thereafter accompany the defendant as a fact that speaks for itself. The criminal history score will be a fact that subsequent courts *must* use to calculate

future sentences; a district court cannot exercise its discretion to disregard a prior conviction." *Montgomery*, 295 Kan. at 842.

In this case, the district court sentenced Hastings to a felony DUI and scored this as a third DUI conviction. According to K.S.A. 2014 Supp. 8-1567(b)(1)(B), Hastings' current conviction should have been a class A nonperson misdemeanor. When the district court sentenced Hastings in this case, it also sentenced Hastings in the case the State referred to on appeal. There, the district court found that was Hastings' fourth DUI conviction. According to K.S.A. 2014 Supp. 8-1567 that conviction is a nonperson felony. While the second case—or the fourth DUI—is not before this court, it is worth noting that if Hastings' third DUI is not changed, then Hasting would have two felony convictions on her record. Thus, our decision herein impacts a substantial right, and the State is incorrect; the sentencing issue is not moot.

Hastings' sentence is reversed and remanded with directions to resentence without reference to the 1997 conviction.

Affirmed in part, reversed in part, and remanded with directions.

9