NOT DESIGNATED FOR PUBLICATION

No. 120,562

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SCOTT ROGER ACREE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed March 20, 2020.
Affirmed.

*Andrea K. Swisher*, of Achterberg, Angell & Craft, LLC, of Salina, for appellant.

*W. Brad Sutton*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before STANDRIDGE, P.J., LEBEN and BRUNS, JJ.

PER CURIAM: Following a bench trial, the district court found Scott Roger Acree
guilty of driving under the influence (DUI) of alcohol, a second offense, and driving left
of center. On appeal, Acree argues the State failed to establish that he was driving a
vehicle while under the influence of alcohol. Because sufficient evidence supports
Acree's DUI conviction, we affirm.

FACTS

Late in the evening of March 1, 2015, Wayne Bradley Carlson was in bed watching TV when he heard a loud knock at the door of his residence in Smolan, Kansas. A man, later identified as Acree, was standing outside. Acree informed Carlson that he had put his car in the ditch and asked Carlson to help push the car out. Believing that Acree was not "in his right mind" and not wanting to open the door, Carlson told Acree he would call 911 for help. After Carlson called 911, he went back to the front door and Acree was gone. Carlson could not see Acree's car from his house.

At 10:39 p.m., Saline County Sheriff's Deputy Jeremiah Hayes was dispatched to rural Saline County following Carlson's report of a stuck vehicle. When he arrived at the scene at 10:52 p.m., Deputy Hayes observed areas of patchy snow and ice on the road and a gray Buick Regal partially resting in a ditch. Deputy Hayes determined that the car was registered to Acree. Deputy Hayes approached the car and saw Acree in the back seat. Acree opened the door, and Deputy Hayes detected a strong odor of an alcoholic beverage coming from the car but did not see any alcoholic beverage containers inside. Acree informed the deputy that he had been sitting there for 30 to 45 minutes and that he wanted someone to help him get his car home. Deputy Hayes noticed that Acree's speech was slurred, and he had bloodshot, watery eyes. Acree lost his balance more than once, first falling when he exited his car and later falling into the ditch when he tried to shut the passenger door of his car. Acree admitted that he was drunk but claimed that he had not been driving. Acree claimed that he was "riding with his kids and they stuck him in the ditch" and that they then went to Salina in another car. When Deputy Hayes asked what kids he was referring to, Acree said that his son, Sean Kopf, had been driving. Acree refused to submit to field sobriety tests. Based on the totality of the circumstances, Deputy Hayes believed that Acree was impaired. As a result, Deputy Hayes arrested Acree and transported him to the Saline County Jail, where he agreed to submit a breath sample at 12:04 a.m. Acree's breath-alcohol concentration was .183.

2

The State charged Acree with three alternative counts of second-offense DUI and driving left of center. At a bench trial to the district court, Acree stipulated to a prior DUI conviction but denied that he had driven his vehicle on the evening of March 15, 2015. After hearing testimony from witnesses and considering oral argument from counsel, the district court found Acree guilty as charged. The district court imposed a one-year jail sentence for the DUI conviction but suspended the sentence, ordered him to serve five consecutive days in jail, and placed him on probation for 12 months. The court also ordered Acree to pay a $75 fine for driving left of center. The court stayed imposition of Acree's sentence pending resolution of this appeal.

ANALYSIS

In his sole issue on appeal, Acree argues that the evidence was insufficient to support his DUI conviction.

When the sufficiency of evidence is challenged in a criminal case, we review the claim by looking at all the evidence in a light most favorable to the prosecution and determining whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. An appellate court generally will not reweigh the evidence, resolve evidentiary conflicts, or make witness credibility determinations. *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018). It is only in rare cases where the testimony is so incredible that no reasonable fact-finder could find guilt beyond a reasonable doubt that a guilty verdict will be reversed. See *State v. Matlock*, 233 Kan. 1, 5-6, 660 P.2d 945 (1983). A verdict may be supported by circumstantial evidence, if such evidence provides a basis from which the fact-finder may reasonably infer the existence of the fact in issue. The evidence need not exclude every other reasonable conclusion or inference. *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016); see *State v. Perkins*, 296 Kan. 162, 167, 290 P.3d 636 (2012) ("[A] DUI conviction, like any conviction, can be supported by direct or circumstantial evidence.").

3

Relevant here, K.S.A. 2019 Supp. 8-1567(a) defines driving under the influence as "operating or attempting to operate any vehicle within this state while":

"(1) The alcohol concentration in the person's blood or breath as shown by any competent evidence, including other competent evidence, as defined in K.S.A. 8-1013(f)(1), and amendments thereto, is 0.08 or more;

"(2) the alcohol concentration in the person's blood or breath, as measured within three hours of the time of operating or attempting to operate a vehicle, is 0.08 or more;

"(3) under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle[.]"

The State's complaint alleged all three acts in the alternative. See *State v. Saylor*, 228 Kan. 498, 503-04, 618 P.2d 1166 (1980) (holding that it is proper for State to charge defendant in the alternative when evidence might support more than one of the alternative acts). The district court found Acree guilty of DUI under K.S.A. 2019 Supp. 8-1567(a)(1), holding that competent evidence supported his conviction. In so holding, the court specifically rejected a finding of guilt under the other two alternatives, finding there was reasonable doubt as to whether Acree was incapable of safely driving a vehicle and whether the breath test was administered within three hours of Acree driving a vehicle. See K.S.A. 2019 Supp. 8-1567(a)(2)-(3).

The crime of driving under the influence requires two primary elements: driving while simultaneously being under the influence. *State v. Ahrens*, 296 Kan. 151, 160, 290 P.3d 629 (2012). Acree asserts that the State failed to present sufficient evidence of each element.

*Driving*

"[I]n order to be convicted of operating a vehicle under the influence, there must be some evidence, direct or circumstantial, that the defendant drove the vehicle." *State v.*

4

*Kendall*, 274 Kan. 1003, 1008-09, 58 P.3d 660 (2002). Proof of driving does not require an eyewitness to the driving. *State v. Fish*, 228 Kan. 204, 210, 612 P.2d 180 (1980). Here, the district court found that although no one saw Acree driving his car, circumstantial evidence supported a finding that he had done so. Specifically, the court noted that the car was registered to Acree, that Acree was the only person present at the scene, and that Acree told Carlson, "I put . . . my car in the ditch."

Acree argues the State's evidence failed to establish that he had driven his car and instead merely demonstrated that his car was in a ditch and that he was the only person at the scene. Acree notes that no one saw him driving and that he was in the back seat of the car, not the driver's seat, when law enforcement arrived. Acree also points to a lack of evidence that the car was running or in gear, or that the keys were in the ignition. Acree suggests that other people, including his son, and other vehicles could have been present at the scene earlier.

But Acree's arguments are essentially an invitation to reweigh the evidence, which we cannot do. See *Chandler*, 307 Kan. at 668. As noted by the district court, the car was registered to Acree, and he was the only person at the scene when law enforcement arrived. That Acree was not found in the driver's seat of the car is irrelevant because he got out of the car to ask Carlson for help prior to law enforcement's arrival. When Acree knocked on Carlson's door, he was by himself and said, "'I put my car in the ditch.'" Deputy Hayes testified that on his way to the accident scene, he did not pass any vehicles that were leaving the area. A rational fact-finder could conclude beyond a reasonable doubt from this evidence that Acree had driven his car.

*Under the influence*

The district court found there was competent evidence to support a finding under K.S.A. 2019 Supp. 8-1567(a)(1) that Acree had driven while under the influence of

alcohol. Pointing to the district court's finding that there was insufficient evidence under K.S.A. 2019 Supp. 8-1567(a)(2) to prove that his breath-alcohol concentration was more than 0.08 within three hours of operating a vehicle, Acree argues it is only reasonable to conclude that there was insufficient evidence to prove that he drove while under the influence of alcohol.

We are not persuaded by Acree's argument. Under K.S.A. 2019 Supp. 8-1567(a)(1), the State was not required to prove exactly when Acree had driven a vehicle; rather, the State had to provide "competent evidence" that he had done so while under the influence of alcohol. See K.S.A. 2019 Supp. 8-1567(a)(1). Deputy Hayes testified that when he came arrived on the scene, he observed Acree's gray Buick Regal partially resting in a ditch. When Deputy Hayes made contact with Acree, he smelled a strong odor of an alcoholic beverage coming from the car. Deputy Hayes noted that Acree exhibited signs of impairment, including slurred speech and bloodshot, watery eyes. Acree also fell multiple times when he exited his car and admitted that he was drunk. Deputy Hayes did not observe any alcoholic beverage containers in Acree's car, which suggests that Acree consumed alcohol before his car entered the ditch. Acree refused to submit to field sobriety testing but later submitted to a breath test that showed his breath alcohol concentration to be .183.

Viewing the evidence in a light most favorable to the State, a rational fact-finder could find beyond a reasonable doubt that Acree drove his car while under the influence of alcohol as prohibited by K.S.A. 2019 Supp. 8-1567(a)(1). Therefore, the evidence was sufficient to support Acree's DUI conviction.

Affirmed.

6